SCANNED DATE 6/10/04 BY F.O.M

FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2004 JUN -9 P 12: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

BRUCE P. PLASSE, ( *Pro Se* )

Plaintiff

vs.

MARIA R. RUSSO
HEARINGS OFFICER, IRS,
And
KATHLEEN E. BROWN
APPEALS TEAM MANAGER, IRS

Defendant(s)

**04  11274 GAO**

CASE NO.

MAGISTRATE JUDGE Alexander

RECEIPT # 56468
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F.O.M
DATE 6/9/04

**PETITION FOR REVIEW OF SECTION 6702, FRIVOLOUS RETURN PENALTY**

**PARTIES**

1. COMES now, the above captioned pro se Petitioner, Bruce P. Plasse, at P. O. Box 265, 53 Main Street, Oxford Ma 01540-0265, to show and prove to the court, that:

2. Defendant: IRS CDP Hearing agent Maria R. Russo (badge no. 04-03510) and Kathleen E. Brown, Appeals Team Manager, (badge no. 04-55222), at IRS, Portsmouth Appeals Office, 195 Commerce Way, Suite B, Portsmouth, N.H. 03801.

**JURISDICTION**

3. Based on a determination by Kathleen E. Brown and Maria R. Russo relative to a CDP Hearing for Mr. Plasse on April 23, 2004 the following facts are true;

1

    a. By directive of the defendants named above, IRS agents Russo and Brown, plaintiff is notified to petition this court for review of determination in the above named complaint, PETITION FOR REVIEW OF SECTION 6702, FRIVOLOUS RETURN PENALTY.

4. The controversy evolved as a result of the filing of a "0 – return" for the year ending 12/31/2000. The result of the filing of said return was the assessment of a frivolous fine under section 6702 of the IRC.

5. The issue on review is whether or not a liability exists relative to the filing of notice of federal tax lien under section 6321 U.S.C.

6. The issues relevant to the petition in District Court are as agreed to by the defendant relative to Sections 3401(a), 3401(c), 3402, 3402(f)(2)(1), 3402(n), 3402(f)(1), 6211, 6212, 6331(a), 7701, and 7806(b), Subtitle C chapters 21, 22, 23, and 24, Internal Revenue Manual 4.10.7.2.9.8, Stanton v. Baltic Mining Co., Brushaber v. Union Pacific Railroad, Pollock v. Farmers Loan and Trust Co., and all of the material brought before the administrative agency and available for review according to 301.6320(F)-1 Question 5, Answer 5 including the audio recording from that CDP Hearing.

7. The lien relative to plaintiff's earnings is a statutory and Constitutional impossibility:

    a. Based on direct taxing restrictions in the Constitution itself within Article 1 Section 2 Clause 3 and Article 1 Section 9 Clause 4.

    b. Based on statutory construction of the code itself, Subtitle C and Subtitle A.

    c. Based on promulgated authorities under Section 301.7805-1, Section 31.7805-1, and Part 31 of the Code of Federal Regulations.

    d. Procedural Rules under Section 600 to end.

    e. Table of Authorities within the Index of the Code of Federal Regulations.

    f. Supreme Court Cases supporting plaintiff's position, the complexity of the issue within this petition require discourse before a "Jury of Piers" as provided by Rule 38(b), plaintiff seeks relief through "Trial By Jury".

8. In her determination, IRS agent Russo, Stated: "settlement officer Maria Russo reviewed each IRS code section, regulation and court cases cited by Mr. Plasse. ….however in her research, settlement officer Russo found nothing to substantiate Mr. Plasse's position that he was not an employee". This statement is so convoluted that it's a wonder to plaintiff how the Notice of Determination could be a determination at all! Based on Russo's research what is her answer to plaintiff?

    a. Where is the plaintiff defined as an employee?

    b. Where is plaintiff's "wages" defined as taxable?

   c. Where is plaintiff "included" within the meaning of the term "employee" defined?

   d. If the statute is expansive because of the word "include", then to what limit is it expansive?

   e. If the statute is limitless, then how can it be specific? If it is not specific then it is vague.

9. But to the contrary, plaintiff knows and can prove by statute itself that:

   a. "Wages defined" are the subject of the tax.

   b. The "employee defined" in chapter 24 is the subject of the tax on the "wage defined" therein and he is included by expansion or enlargement within the Employment Laws in Subtitle C, Chapters 21 through 24, evidenced by reviewing the laws therein.

   c. That if the word "include" is one of enlargement or expansion that it must be so "only within the meaning of the term defined" and that in fact the statutes prove this to be true as can be unequivocally demonstrated by the laws and regulations relative to the tax at question in chapter 24 Title 26 U.S.C., SEE Section 7701(c), Corpus Jurus Secundum vol 85 Section 1701, and American Juris Prudence 2nd vol. 16b Section 920.

d. Because all of the laws and regulations controlling "employee defined" and "wages defined" reside in Subtitle C of the code individuals must first determine if they are liable for the tax therein, and before a "frivolous penalty (fine)" can be made by the IRS such liability must be evidenced.

e. Furthermore, an issue of liability relative to earnings governed by the laws in Subtitle C is not the subject of a deficiency under Sections 6211 and 6212 of Title 26 U.S.C. This is so, because of the Constitutional restrictions within Article 1 Section 2 Clause 3 and Article 1 Section 9 Clause 4 of the U. S. Constitution.

10. Finally, Defendant Russo summarily dismissed all of the laws and regulations in Subtitle C and the procedural rules under Subtitle F and said: "The chapter of the code that Mr. Plasse continually referred to support his position that the IRS had no authority to assess a deficiency against him was Subtitle C, Employment Taxes and Collection of Income Tax. However, the title at issue in this case is personal income tax which is covered by Subtitle A, not employment taxes."

"WOW!"

11. Is this the writings of a professional tax expert, one that provides a public service and has the power and authority granted within her job description to make determinations that can destroy the lives of U. S. citizens without regard to the written law? Plaintiff believes IRS agent Russo meant to

5

say: The <u>Subtitle</u> of the Code to which "Mr. Plasse continually refers" is Subtitle C. This is where the <u>laws</u> for employment reside! The chapter of the code to which "Mr. Plasse continues to refer" relative to Subtitle C is <u>chapter 24</u>. This is where the laws for withholding at the source on "wages" are found and wages is what the defendant clearly states creates the liability for Mr. Plasse because he is an "employee" under Section 3401(c).

12. Further IRS agent Russo says: "however, the <u>title</u> at issue in this case is personal income taxes which is covered by Subtitle A." Again, plaintiff believes agent Russo meant to say, "The <u>subtitle</u> at issue here in this case is <u>Subtitle A</u> which is covers income taxes. These statements beg the question, does IRS agent Russo understand the laws well enough to express what she is trying to say. As a matter of record agent Russo told plaintiff at his CDP Hearing, "I don't know what Subtitle A is". Relative to Subtitle C and chapters 21 through 24 agent Russo states: "I don't know every code section by heart." Yet, agent Russo says: "however, the title at issue in this case is personal income taxes which is covered by Subtitle A.", hmm! Go figure. Regaurding the 16th amendment and the Brushaber court ruling, Russo says: "The 16th Amendment provides that congress shall have the power to lay and collect taxes on income, from whatever source derived, without apportionment among the several states, and without any census or enumeration." In Brushaber v. Union Pacific Railroad, 240 U. S. (1916). The Supreme Court held the Constitutionality

of the income tax laws enacted subsequent to ratification of the 16th amendment.

13. Plaintiff agrees with the defendant as to the constitutionality of the 16th amendment and the subsequent rulings. The rulings which clarify the 16th amendment are the hallmarks upon which a constitutional tax can be levied under its authority. The defendant through the application of half-truths would like to lower the court to her standards by circumventing the ruling themselves in order to railroad a decision by the court against the plaintiff. However, the rulings are clear in their intent just as the law itself must be clear.

14. Brushaber says: "moreover, in addition, the conclusion reached in the Pollock case did not in any degree involve holding that income taxes generically and necessarily came within the class of <u>direct taxes on property</u>, but, on the contrary, recognized the fact that taxation on income was in its nature an Excise entitled to be enforced as such unless and until it was concluded that to enforce it would amount to accomplishing the result which the requirement as to apportionment of direct taxation was adopted to prevent. In which case the duty would arise to disregard form and consider <u>substance alone</u>...."

15. Stanton v. Baltic Mining Co., 240 U. S. 103 (1916), in referencing Brushaber says: "by the previous ruling it was settled that the provisions of the 16th amendment conferred **no new power of taxation**, but simply

prohibited the previous complete and plenary power of income taxation possessed by congress from the beginning from being taken out of the category of indirect taxation to which it inherently belonged, and being placed in the category of direct taxation subject to apportionment".

16. And in Eisner v. Macomber, 252 U. S. 189, the Court said: "the sixteenth amendment must be construed in connection with the taxing clauses of the <u>Original Constitution</u> and the effect attributed to them <u>before the amendment was adopted</u>".

17. Regarding the definition of income the Eisner court ruling said:

    a. "Income may be defined as the gain derived from capital, from labor, or from both combined, provided it be understood to include <u>profit gained through the sale or conversion of capital assets</u>, to which it was applied in the Doyle Case (pp., 183, 185).

    b. Brief as it is, it indicates the characteristic and distinguishing attribute of income essential for a <u>correct solution of the present controversy</u>. The government, although basing its argument upon the definition as quoted, placed chief emphasis upon the word '**gain**," <u>which was extended to include a variety of meanings</u>; while the significance of the next three words was either **overlooked or misconceived**. "*Derived – from – capital*"; - "*the gain – derived – from – capital,*" etc. Here we have the essential matter: **not a gain accruing to capital**, not a growth or increment of value in the

investment; but a gain, a profit, something of exchangeable value proceeding from the property, **severed from the capital** however invested or employed, and coming in, being "derived," that is, received or drawn by the recipient (the taxpayer) for his separate use, benefit and disposal; - that is income derived from property. Nothing else answers the description.

c. <u>The same fundamental conception is clearly set forth in the Sixteenth Amendment – "incomes, from whatever source derived"</u> – the essential thought being expressed with a conciseness and lucidity entirely in <u>harmony with the form and style of the Constitution."</u>

18. So it can be clearly seen that anyone can quote the 16th Amendment and the Constitutionality of that act but it seems that not everyone is willing to openly quote the highest court in the land when it comes to final decisions it has made relative to the application of the 16th Amendment.

19. Plaintiff in bringing forth the truth regarding the Supreme Court's decisions and cannot help but ask:

a. Why has the defendant not chosen to cite these facts and when confronted with these unequivocal proofs regarding what "income" is taxable, how can the defendant surmise that labor could ever be profit and gain severed from capitol?

b. Furthermore, how could the defendant knowing that the Supreme Court has held that the Original Constitution Articles are still in place, reasonably conclude that plaintiff's **LABOR** could ever be subject to direct taxation?

c. And, if such a theory were the least bit plausible what would the defense do to prevent "slavery and involuntary servitude" protected by the 13th Amendment, Hmm!

## CONCLUSION

20. The act of levying a frivolous fine is a legal impossibility when plaintiff has no constitutionally defined income (gain or profit) subject to taxation.

21. Labor severed from gain or profit is not taxable.

22. Wages defined in chapter 24 of the code includes only the wage of the employee defined therein and the nature of the word include within the definitions of "employee" followed by "for purposes of this chapter" can only be a term of enlargement within Subtitle C. Subtitle C defines the "meaning" of "employee" three times:

   a. Chapter 21: "for purposes of this chapter....employee means".

   b. Chapter 22: "for purposes of this chapter....employee means".

   c. Chapter 23: "for purposes of this chapter....employee means".

23. Each of these chapters within the "Employment Laws" under Subtitle C provide for a "tax imposed" to be withheld for the purposes of the tax within the given chapter. Chapter 24 provides for withholding on "wages" "for purposes of this chapter" on the "employee" included by statute under Section 3401(c). No other "employee" is defined therein and further study does prove that the "employee" subject to such withholding within chapter 24 is the same employee subject to withholding under the Act of 1862, Thirty – Seventh Congress, Session II, Ch. 119, 1862. This same "employee" is subject to "Notice of Levy" under Section 6331(a) of Title 26 U.S.C. No other "employee" is named. No one can be subject to tax by presumption or implication as attested to by Corpus Juris Sucundum and American Juris Prudence. Silence is golden.

## RELIEF

Plaintiff respectfully asks that the court avail itself of the laws as they are written based on the fundamental principals of Direct Taxation and statutory construction written there-under. Plaintiff demands that the IRS follow procedure in application of the law as should be evidenced under Subtitle F and cease and desist in its collection efforts and return property (money) taken from plaintiff without jurisdiction, see Sections 6211, 6212, 6201, 6203, 6321, 6331(a), and apply the laws under Subtitle C as they are written and the regulations promulgating the same, etc, etc.

Plaintiff prays that the court will according to rules 8 and 10 of the Federal Rules of Civil Procedure excuse any errors which may have been made by plaintiff in constructing this document.

Date: 06/06/2004

Bruce P. Plasse

P. O. Box 265

Oxford, Ma. 01540-0265

## VERIFICATION

The following complaint, by the hand of Bruce P. Plasse, Plaintiff, is given subject to the penalties of perjury.

Bruce P. Plasse

## CERTIFICATE OF SERVICE

This is to certify that 1 original and 2 copies of the foregoing was mail to United States District Court, Clerk of Court, Tony Anastas, 1 Courthouse Way, Boston, Ma. 02210, by first-class postage prepaid, return receipt mail, on June 07, 2004, and that a duplicate is kept on file.

Bruce P. Plasse

P. O. Box 265

Oxford, Ma. 01540-0265

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Bruce M. Plasse vs. Kathleen L. Brown, Hercules Team Manager (Employee ID# 55-222)_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   _670_ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   (stamp: U.S. DISTRICT COURT DISTRICT OF MASS.)
   (stamp: 04 11274 GAO)

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)
   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
   YES ☐   NO ☐

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).
   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☒   NO ☐
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _Worcester_

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _Worcester_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐  NO ☒   OR WESTERN DIVISION; YES ☐  NO ☒

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☐   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Bruce P. Plasse, Pro Se_
ADDRESS _P.O. Box 265, 55 Main St, Oxford MA 01540-0265_
TELEPHONE NO. _508-987-7040_

(Category Form.wpd - 3/28/2000)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bruce Plasse
Pro Se

**DEFENDANTS**
U.S. Gov't + Agents

(b) County of Residence of First Listed Plaintiff: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [x] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Petition for Review of 6702 Frivolous Penalty

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 6/6/2004
SIGNATURE OF ATTORNEY OF RECORD: Bruce Plasse, Pro Se

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____