UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE P. PLASSE )  )  Appellant, ) ) v. ) ) UNITED STATES OF AMERICA ) ) Respondent. ) | Civil Action No. 04-11274-GAO |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES
OF AMERICA'S MOTION TO AFFIRM DETERMINATION OF THE
INTERNAL REVENUE SERVICE AND DISMISS THE PETITION
FOR REVIEW OF THE 6702 FRIVOLOUS RETURN PENALTY**

The United States, by its undersigned counsel, hereby submits this memorandum of law in support of its MOTION TO AFFIRM DETERMINATION OF THE INTERNAL REVENUE SERVICE AND DISMISS THE PETITION FOR REVIEW OF THE 6702 FRIVOLOUS RETURN PENALTY.

### BACKGROUND

On or about April 15, 2001, the Internal Revenue Service ("IRS") received from Bruce Plasse ("Appellant") a Form 1040 U.S. Individual Income Tax Return ("Form 1040") for the tax year 2000 filled out with Appellant's name and address. The Form 1040 also had the number zero ("0") inserted into the lines for wages, salaries, tips, etc.; total income; adjusted gross income; and taxable income. (R. 121-122.)[1] Appellant's submission with Form 1040 also included the following: (1) his W-2 Wage and Tax Statement from his employer, Sikorsky Aircraft Corporation, indicating that Appellant earned $53,304.17 in wages, tips, and other compensation (R. 120); and (2) two typewritten pages explaining Appellant's assertions that, among other things, he had no income because income "can only be a derivative of corporate

---

[1] References to "R." in this memorandum are to the administrative record filed with the Court on paper, pursuant to the Court's Electronic Case Filing Administrative Procedure H.

activity[,]" and he is not liable for a frivolous return penalty under Internal Revenue Code Section 6702. (R. 123-124.)

On February 4, 2002, the IRS assessed a $500.00 penalty against the Appellant for filing a frivolous income tax return for tax year 2000 (the aforementioned Form 1040). Appellant's "Petition for Review of Section 6702, Frivolous Return Penalty" does not allege that Appellant ever paid the amount of the assessed penalty.

On May 20, 2003, the IRS issued to the Appellant a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 ("Notice of Lien Filing"). (R. 032-033.) The Notice of Lien Filing indicates that the IRS filed a Notice of Federal Tax Lien on May 15, 2003 because the Appellant owed federal income taxes for tax year 1999, and he was liable for a civil penalty for tax year 2000. The Notice of Lien Filing also informed the Appellant that he had a right to request a hearing with the IRS to appeal the collection action and to discuss payment-method options. The Appellant timely filed a request for a Collection Due Process hearing allowed under 26 U.S.C. 6320.

The Collection Due Process hearing ("CDP hearing") took place on April 23, 2004. (R. 113; Petition at ¶ 3.) At the CDP hearing, the Appellant challenged the existence of the liabilities described in the Notice of Lien Filing– the 1999 income tax and the 2000 civil penalty. Only the civil penalty is at issue here [2], and the Appellant's initial pleading, Petition for Review of

---

[2] The Appellant challenged the existence of the income tax liability in the U.S. Tax Court, case no. 9699-04L. After filing a petition for review in the Tax Court, the Appellant submitted to the Tax Court a "Letter to Tax Court proving no Notice of Deficiency and Request for Tax Court to show Jurisdiction...", and a document titled "Plaintiff Formally Withdraws Petition to Tax Court do (sic) to Lack of Jurisdiction...." The Tax Court found that it had jurisdiction over the appeal, but granted the Appellant a withdrawal of that action, and dismissed the case. The Appellant's Motion for Reconsideration was denied by Order dated September 30, 2004 (attached hereto as Government Exhibit A).

Section 6702 Frivolous Return Penalty ("the Petition"), is titled accordingly. The Appellant's assertions at the CDP hearing were that he is not liable for income taxes or a frivolous return penalty because he is not an employee under Internal Revenue Code ("IRC") Section 3401(c), and his earnings are not subject to taxation because the 16th Amendment to the Constitution and subsequent Supreme Court cases prevent application of the income tax laws to his earnings. (R. 113-115.) These allegations are repeated in the Petition. The Petition also includes the presumably related arguments that "Labor severed from gain or profit is not taxable[,]" and labor cannot be "subject to direct taxation[.]" (Petition *passim*.)

On May 11, 2004, the IRS Appeals Office sent to the Appellant a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 ("Notice of Determination"), with an attached Appeals Case Memorandum describing the matters considered at the CDP hearing and the conclusions of the Appeals Officer. (R. 110-115.)

Appellant brought this action on June 9, 2004 demanding that the IRS "cease and desist in its collection efforts and return property (money) taken from the plaintiff without jurisdiction...and apply the laws under Subtitle C as they are written and the regulations promulgating the same, etc (sic), etc."

## ARGUMENT

### I. THIS DETERMINATION OF THE APPEALS OFFICER SHOULD BE AFFIRMED

The Appeals Officer's determination in this matter should be affirmed because the Appeals Officer did not abuse her discretion, and held a fair and impartial CDP hearing. To the extent that the Court determines that this is a matter for *de novo* review, the Appeals Officer's determination should be affirmed because the appellant's arguments are without merit.

### A.     Section 6320 of the Internal Revenue Code

Section 6320 of the Internal Revenue Code ("Section 6320") provides that the Secretary of the Treasury shall notify a taxpayer within 5 business days of the filing of a notice of lien under 26 U.S.C. 6323.  The notice under Section 6320 must inform the taxpayer that he has a right to request a CDP hearing.  The Appellant was properly notified, (R. 032-033), and timely requested and received a CDP hearing under 26 U.S.C. Sections 6320 and 6330.

### B.     The determination of the IRS Appeals Office must be reviewed under an abuse of discretion standard.

Section 6330(d), made applicable by 26 U.S.C. 6320(c), provides a person with a right to judicial review of the determination made at the CDP hearing.[3/]  Although the statute is silent with respect to the standard of review that the reviewing court must use when reviewing the determination, the legislative history of this statute clearly indicates Congress' intent with respect to the proper standard of review:

---

[3/] Section 6330(d) states:

    (d) PROCEEDING AFTER HEARING.–

        (1) JUDICIAL REVIEW OF DETERMINATION.–The person may, within 30 days of a determination under this section, appeal such determination–

        (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

        (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

    If the court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

> The determination of the appeals officer may be appealed to Tax Court or, where appropriate, the Federal district court. Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal. The amount of tax liability in such cases will be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for an abuse of discretion. In such cases, the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using an abuse of discretion standard of review.

H. Rep. No. 105-599 at 266 (1998).

Section 6330(c) provides that a person may raise at the CDP hearing any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. See 26 U.S.C. § 6330(c)(2)(A). The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. See 26 U.S.C. § 6330(c)(2)(B). During the appeals hearing, however, the appeals officer is not required to consider moral, religious, political, and constitutional issues. See 26 C.F.R. § 301.106(b). In seeking Tax Court or district court review of the Notice of Determination, the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's collection due process hearing. See 26 C.F.R. § 301.6330-1T(f), Q-F5/A-F5; 26 C.F.R. § 301.6330-1T(f), Q-F5/A-5.

Because the Appellant was not issued a notice of deficiency and was not given an earlier opportunity to dispute the underlying tax liability[4/], he could have raised challenges to the existence or amount of the underlying tax liability as set forth in Section 6330(c)(2)(B). Appellant failed to do so. Instead, he persisted in asserting arguments that have been consistently rejected by the courts as frivolous, and did not assert any of the relevant issues enumerated under Section 6330(c)(2)(A) or Section 6330(c)(2)(B) during his CDP hearing. Because Appellant's underlying tax liability is not at issue in this proceeding, the determination of the IRS should be reviewed for an abuse of discretion. See Davis v. Commissioner, 114 T.C. 35 (2000); see also Goza v. Commissioner, 114 T.C. 176 (2000).

For judicial review of administrative appeals, a decision "would be an abuse of discretion if it were made without a rational explanation, inexplicably parted from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group, or,

. . . on other considerations that Congress could not have intended to make relevant." MRCA Info. Servs. v. United States, 145 F. Supp.2d 194, 199 (D. Conn. 2000) (citing Wong Wing Hang v. Immigration and Naturalization Serv., 360 F.2d 715, 719 (2d Cir. 1966)).

To the extent that the Court determines that a *de novo* review of the tax liability, here a civil penalty, is appropriate, the Court should find that the imposition of the civil penalty was justified because the filing of a tax return with reported gross income of zero even though wages were earned

---

[4/] Under 26 U.S.C. 6703(b), the Appellant was not entitled to a notice of deficiency with respect to the civil penalty assessed under 26 U.S.C. 6702.

subjects a filer to a civil penalty under 26 U.S.C. 6702.[5/]  See Cipolla v. IRS, 2003 U.S. Dist. LEXIS 20884 (E.D.N.Y., Oct. 14, 2003) (a tax return reporting zero income even though wages were earned is frivolous as a matter of law).  The Appellant's arguments to the contrary are not at all original; they are stale tax protestor arguments that have been uniformly rejected by every court that has considered them for the past 80 years.  See, e.g., Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986) (civil penalty for filing a frivolous return was warranted where taxpayer made the "meritless" allegation "that he received no 'wages'...because he was not an 'employee' within the meaning of 26 U.S.C. § 3401(c)";  United States v. Connor, 898 F2d 942, 943 (3d Cir. 1990) ("every court which has ever considered the issue has unequivocally rejected the argument that wages are not income.");  Connor v. Commissioner, 770 F.2d 17, 19 (2d Cir. 1985) (the argument that wages are not income "has been rejected so frequently that the very raising of it justifies the imposition of sanctions");  Grimes v. Comm. of Internal Revenue, 806

---

[5/] 26 U.S.C. 6702 states as follows:
    (a) Civil penalty

    If - (1) any individual files what purports to be a return of the tax imposed by subtitle A but which -

        (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

        (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

    (2) the conduct referred to in paragraph (1) is due to -

        (A) a position which is frivolous, or

        (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

    then such individual shall pay a penalty of $500.

F.2d 1451 (9th Cir. 1986) ("There can be no doubt that the tax on income is constitutional and that, for the purpose of the Sixteenth Amendment, income includes 'gain derived from capital, from labor, or from both combined.'") (quoting, Eisner v. Macomber, 252 U.S. 189, 207, 64 L. Ed. 521, 40 S. Ct. 189 (1920))[6/]; Stelly v. Commissioner, 761 F.2d 1113, 1115 (5th Cir. 1985) (with respect to the argument that the Sixteenth Amendment only authorizes taxes on gain, and compensation for labor is not gain, "the frivolity of th[e] argument is patently obvious..." and it "is clear beyond peradventure that the income tax on wages is constitutional"); see also, 26 U.S.C. 61(a) ("gross income means all income from whatever source derived, including...[c]ompensation for services....")

    **C.**    **Appellant had a valid collection due process hearing before the IRS Appeals Office.**

The Petition does not include any allegation that the Appeals Officer abused her discretion. The Appellant merely alleges, though inarticulately, that the Appeals Officer was without any discretion to determine that the civil penalty was justified, and was therefore without discretion to determine that the Notice of Lien was properly filed. Despite the Appellant's allegations, the facts demonstrate the validity of the CDP hearing.

Section 6330(c) requires that the determination take into consideration the following: (1) the verification that requirements of any applicable law or administrative procedure have been met; (2) the issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer

---

[6/] The Supreme Court, in Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431, 99 L. Ed. 483, 75 S. Ct. 473 (1955), specifically refuted the idea, put forth here by the Appellant, that its opinion in Eisner v. Macomber provided a touchstone for future income tax questions by which gain must be severed from capital to be taxable.

that any collection action be no more intrusive than necessary.  The Notice of Determination and attachments to it clearly demonstrate that the CDP hearing and the subsequent determination incorporated all of the required considerations.

Section I of the Discussion and Analysis (p. 2 of the Appeals Case Memorandum at R. 113) demonstrates that the Appeals Officer reviewed Appellant's administrative file and concluded that the information contained in the file showed that the IRS followed the law and administrative procedures in handling Appellant's case and in sending the Notice of Lien Filing, which included an advisement that the Appellant was entitled to a CDP hearing.  As noted by the Appeals Officer, and confirmed by reviewing the Record, the Appellant responded to the Notice of Lien Filing on May 27, 2003 by requesting the CDP hearing.  (R. 030-031).  Indeed, the Appellant raises no issue as to the Appeals Officer's verification that the requirements of any applicable law or administrative procedure have been met.

Section II of the Discussion and Analysis demonstrates that the Appeals Officer considered the issues raised by the Appellant, which were limited to challenges to the legality of the assessment of income taxes and a civil penalty upon the Appellant.  The Appeals Officer considered each of the Internal Revenue Code sections, Regulations, and court cases cited by the Appellant during the CDP hearing, (R. 114), even though each of the Appellant's assertions has been uniformly rejected by courts at all levels that have heard similar allegations from other tax protestors.  Since there is no merit to any of the arguments put forth by the Appellant, the Appeals Officer found nothing in her research that would sustain the arguments.  The Appeals Officer went so far as to cite relevant caselaw that led to the determination that the Appellant's wages are taxable. (R. 114-115.)  As indicated on page four of the Discussion and Analysis, (R. 115), the

Appellant offered no collection alternative and raised no issue beyond the frivolous arguments already discussed.

Section III of the Discussion and Analysis demonstrates that the Appeals Officer balanced the need for the efficient collection of taxes with the concern that the collection action be no more intrusive than necessary. No alternative was ever proposed, despite Appellant's opportunity to do so. Collection activity by the IRS was made necessary by Appellant's failure to propose a viable alternative.

## II.  THIS COURT LACKS JURISDICTION OVER APPELLANT'S CLAIMS FOR INJUNCTIVE RELIEF.

The Anti-Injunction Act states that "no suit for the purpose of restraining the *assessment or collection* of any tax shall be maintained in any court for any reason." 26 U.S.C. § 7421(a) (emphasis added). The purpose of this act is to permit the United States to assess and collect taxes without judicial intervention. See Bob Jones University v. Simon, 416 U.S. 725,736-37 (1974); see also Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Pursuant to the Anti-Injunction Act, jurisdiction is withdrawn from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. 26 U.S.C. § 7421(a); see also Williams Packing, 370 U.S. at 7. The district court is without jurisdiction over a suit for an injunction, unless, it is clear that, under no circumstances could the Government ultimately prevail and if equity jurisdiction otherwise exists. See id.; see also Bob Jones Univ., 416 U.S. at 737; Alexander v. 'Americans United' Inc., 416 U.S. 752, 758 (1974). Unless both of these conditions are met, a suit for preventive injunctive relief must be dismissed. See Williams Packing, 370 U.S. at 7.

Appellant seeks to enjoin collection by the IRS, i.e., to "cease and desist in its collection efforts[.]" The Petition fails to enumerate any legitimate factual or legal support for such relief. The Appellant fails to demonstrate, or even allege, that there is no likelihood of the Government establishing its claim, and that without injunctive relief, he will suffer irreparable injury. The exceptions to the Anti-Injunction Act do not apply to this case, and thus, this Court does not have jurisdiction to entertain Appellant's claims for injunctive relief.

CONCLUSION

For the reasons set forth herein, the UNITED STATES OF AMERICA'S MOTION TO AFFIRM DETERMINATION OF THE INTERNAL REVENUE SERVICE AND DISMISS THE PETITION FOR REVIEW OF THE 6702 FRIVOLOUS RETURN PENALTY should be granted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Barry E. Reiferson
BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6058

I hereby certify that a true copy of the above document was served upon the Appellant, by mail, on December 10, 2004.

/s/ Barry E. Reiferson
Barry E. Reiferson