UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16  P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BRUCE P. PLASSE, ( *Pro Se* )<br>and<br>United States of America<br><br>Plaintiff(s)<br><br>vs.<br><br>Govt. of United States<br>and<br>MARIA R. RUSSO<br>HEARINGS OFFICER, IRS,<br>And<br>KATHLEEN E. BROWN<br>APPEALS TEAM MANAGER, IRS<br><br>Defendant(s) | Civil Action CASE NO.<br><br>1:04-cv-11274-GAO<br><br>All Facts to be Tried by a<br><br>7th Amendment Jury Trial |

**ADENDUM TO PLAINTIFF'S INITIAL PLEADING, PETITION FOR REVIEW OF SECTION 6702, FRIVOLOUS RETURN PENALTY, / MEMORANDUM OF LAW**

The United States Court of Claims, Economy Plumbing and Heating v. United States, 470 F.2d 585, at 589 (1972) tells us:

> *"The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope."*

The scope of this action is so broad that plaintiff's attempt to justify his position at law via an amended petition rehashing the same arguments would undoubtedly be as fruitless as his prior attempts. The history of prior hearings and petitions prove without any doubt that the U.S. Government it's agents and agency have but one agenda and that agenda does not include any viable consideration of the fact that an individual can truly be a <u>Non-Taxpayer</u>.

1

cert mail #: 7004 2510 0000 4469 5102

Proof of this reality is obvious by consideration of the material facts already available as a result of this action to date. Consider the following:

The Restructure and Reform Act of 1998 provides "taxpayers" with "Collection" Due Process rights with regard to a Notice of Federal Tax Lien (NFTL) under Sections 6320/6330(C)(2)(B) of the Internal Revenue Code (IRC). One needs only to look at the structure of the statute to understand the intended purpose of this "Right" which of course is purely the administrative process of "collecting" a tax already <u>presumed</u> owed.

<u>Collection</u> Due Process

The statute tells us at 6330(b)(3) that:

> *"The hearing under this subsection shall be conducted by an officer or employee who has had <u>no</u> prior involvement with respect to the <u>unpaid tax</u> specified in subsection (a)(3)(A)..."*

Of course Section (a) of this subsection tells us that:

> *"No levy may be made on any property or right to property..." "unless such person is notified in writing of their right to a hearing"*

And of course levy follows lien (NFTL) and a notice of lien under section 6320(a)(1) is a notice sent to a "taxpayer" and the regulations tell us at Section 301.6320(a)(2) Q-A1 and A-A1 that the person entitled to notice under section 6320 is:

> *"The person described in Section 6321 who is named on the <u>NFTL</u> <u>that is filed.</u> The person described in section 6321 is the <u>person liable to pay the tax</u> due after notice and demand who refuses or neglects to pay the tax due (hereinafter, referred to as the taxpayer)."*

And so the stage is set. The agents impartiality under section 6330(b)(3) is predicated upon administrative due process as to "collection" while due process as to the <u>existence of a</u> <u>"liability"</u> is skirted. Impartiality as to review of the record of an <u>amount</u> is possible. Review as

2

to statutory liability, a question of law, could only be the jurisdiction of a neutral party having no conflict with regard to the parties involved.

Plaintiff's understanding of the hearing process is supported by the fact that the hearing process is predicated upon a person "not otherwise have[ing] an opportunity to dispute the tax liability". A notice of deficiency provides a prior opportunity to discuss the "tax liability". TD 8979 under explanation of revisions says:

> *"Under Sect 6330(C)(2)(B), a taxpayer may not challenge the existence or amount of the underlying tax liability at a CDP Hearing if the taxpayer has had a prior opportunity to dispute that liability – i.e., the taxpayer had received a statutory notice of deficiency..."*

A failure to respond by petitioning the tax court to adjudicate the "amount" of any tax liability gives rise to a NFTL. But this appellant has petitioned the tax court **with reservations** as to "jurisdiction" relative to plaintiff's earnings, see exhibits A thru G. The court blatantly denied any response to that question (601.102(b)(2)(i)) specifically. Rather the tax court dismissed appellant's case and notified the IRS based upon such dismissal to proceed with collection based on inapplicable tax court citations with regard to this appellant's appeal stripping appellant of "Due Process" and "Equal Protection" under the 4th, 5th, and 14th Amendment of the United States Constitution. To further extrapolate on the absurdity of this action one cannot possibly argue away the fact that no notice of deficiency was ever issued to this plaintiff. The law supports it's absence by providing that no such document could possibly exist in the first place as a "statutory notice of deficiency" does not provide for it's application to the Employment Laws under Subtitle C.

Chronologically so far:

1. Notice of deficiency (though non-existent) starts "collection" process.
2. Failure to petition tax court causes filing of NFTL.
3. NFTL under Section 6320 is sent to "person described in Section 6321".

3

cert mail #: 7004 2510 0000 4469 5102

4. "The person described in Section 6321 is the person liable to pay the tax i.e., the taxpayer."

So a taxpayer is "created" by moving documents while the issue of "liability" is skirted.

But the term taxpayer defined under Section 7701(a)(14) means:

"Any person subject to any Internal Revenue Tax".

And we're back to square one. Where is the statute which defines this plaintiff as the subject of a "<u>wage</u> <u>tax</u>"?

Respondent argues that appellant's position with regard to wages is frivolous/meritless supported by Sullivan v. United States, United States v. Connor, Connor v. Commissioner, etc, etc. It escapes this appellant's understanding as to how such a consideration could have been made. The oral record recorded with regard to the CDP Hearing dispels respondents contentions as appellant agrees that "<u>wages defined</u>" are taxable, on the audio record at 12:58 to 13:31 minutes. Neither the agency or the courts have addressed the issue of a **defined liability** (spelled out by example under 31.3401(a)-(2)(4)(b)(1) *"....However, the salaries paid such officials by the Government, or by a Government agency or instrumentality, are subject to withholding."*) or **the application of the Subtitles of law to this appellant**. But all of this is moot as this appellant's memorandum is not to re-hash that material in this court.

Furthermore respondent argues that:

> *"Because the appellant was not issued a notice of deficiency and was not given an earlier opportunity to dispute the underlying tax liability, he could have raised challenges to the existence or amount of the underlying tax liability as set fourth in Section 6330(C)(2)(B). Appellant failed to do so."*

Wow! Does the respondent even understand the argument?

"The existence or amount of the underlying tax liability" according to section 6330(C)(2)(B) is argued upon not having received a "statutory notice of deficiency". This argument would be

4

cert mail #: 7004 2510 0000 4469 5102

made to sustain proof of the "existence" of such document or to prove the amount demanded by such missing document. One would be seeking proof of such underlying liability. The underlying-liability already considered a foregone conclusion. *Treasury decision 8979* tells us under "summary of comments" that:

> "Accordingly, the final regulations under both sections 6320 and 6330 provide that the person entitled to a CDP Notice under those section is the <u>person liable for the tax set out in the CDP notice</u>, i.e., the taxpayer."

But plaintiff correctly argued "<u>liability</u>" by questioning the "*appropriateness of the filing of the Notice of Federal Tax Lien*" as he could not possibly be the lawful subject of such notice (either the notice of deficiency or the NFTL), and if such notice existed then the lawful application thereof would come into question (see section 6212 U.S.C. Title 26).

The appropriateness of the filing of NFTL is the issue upon which the question of "liability" hangs. The IRS agents involved in the CDP Hearing that caused this action to come before the courts have failed to address this issue. But as more and more facts come to light the apparent misapplication of the tax laws becomes evident. Citing H. Rep. No. 105-599 at 266 (1998) graciously supplied by the respondent we can see two (2) discerning criteria:

> (1) "Where the validity of the tax liability was <u>properly</u> at issue in the hearing, ... The <u>amount</u> of tax liability in such cases will be reviewed by the appropriate court on a De Novo Basis."
> (2) "Where the validity of the tax liability is <u>not properly</u> part of the appeal, the taxpayer may challenge the <u>determination</u> of the appeals officer for an abuse of discretion. In such cases, the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using and abuse of discretion standard of review."

From the beginning this plaintiff has challenged the appropriateness of the filing of NFTL by the application of the use of:

1. The "terms" at law.
2. The Subtitles of law distinct to the appellant's remuneration.
3. The statutes defining liability.

5

cert mail #: 7004 2510 0000 4469 5102

4. The appellant's statutory Exemption status based on his in-lieu-of-exemption-certificate under 31.3402(f)(2)-1, and 31.3401(c)-1, , 3402(n), and 1.1441-5.
5. Supreme Court Rulings.
6. Principles of Law within American Juris Prudence and Corpus Juris Secundum.
7. The amount listed on a W-2 form (that does not indict appellant of an Income Tax liability, but merely is a record of earnings).
8. The appropriateness of the filing of the NFTL.
9. etc, etc,....

It obvious to note that every legitimate attempt to forward statutory and fundamental evidence (Constitutional and Supreme Court) has been overshadowed by silence and a constant assault through collection procedures while not one legitimate response has been forwarded rebutting any statutory claim made by appellant, including those claims made by the U.S. attorney that appellant's arguments of law are frivolous and meritless.

But the format has become clear. At the administrative levels (CDP Hearing) and the tax court, collection is the only criteria. To prevent any further loss of this appellant's rights with regard to the law this addendum to appellants initial pleading is forwarded to inform the court and judge George A. O'Toole Jr. that the issue before the court should not be one of <u>an amount for collection</u> as the respondent wants the court to believe, but one of <u>liability</u>. Appellant has been railroaded by threat of sanctions to the tune of $25,000.00 to petition said courts. See *Terry Hiram Pierson v. Commissioner*, Docket No. 8650-00L., 115 TC--, No. 39., December 14, 2000 and *Kathleen Marino v. Brown* Docket No. 03-1835, (357 F.3d 143), February 12, 2004.

Appellant repeats that a conflict of interest is not evident where the agency stays within the law with regard to legitimate, <u>properly</u> executed, <u>collection</u> functions but the administrative agency cannot maintain impartiality with regard to a determination as to "<u>statutory liability</u>". This

6

cert mail #: 7004 2510 0000 4469 5102

function must be performed by a neutral body and the impartial entity must be found in the courts.

**Plaintiff states and demands as a matter of record the following:**

A conflict of interest exists within the U.S. District Court as to plaintiff's "liability" for penalties associated with a purported "income tax liability" for the following reasons:

<u>Article 3 Section 1</u>:

> *"The judicial power of the United States, shall be vested in one supreme court, and in such inferior courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services,* **a compensation which shall not be diminished during their continuance in office.**"

but,

According to the Revenue Act of 1918, 18, 40 stat. 1057 Enacted Feb 24, 1919.

Section 213 tells us that "<u>Goss Income</u>"

> *"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including in the case of the* **President of the United States the judges of the Supreme and inferior courts** *of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such)...."*

Federal judges stood on their Constitutionally protected right under *Article 3 Section 1* and refused to be taxed. See Evans v. Gore 253 U.S. 245 (1920) and Miles v. Graham, 268 U.S. 501 (1924).

Although this temporarily put a stop to such diminution of the judicial salaries, wages, or compensations it was not long before federal judges acquiesced to the legislation. It's important to note that the statute only defined federal employees and not "<u>workers</u>" within the private sector. This was in accord with the *Income Tax Act of 1862* second session, CH 119 which taxed the salaries of only "<u>Federal Employees</u>" in the name of an "<u>Income Duty</u>".

7

cert mail #: 7004 2510 0000 4469 5102

But by 1932 (Revenue Act of 1932, c. 209) Sec 22 said:

> *"In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in "Gross Income", and all acts fixing the compensation of such Presidents and judges are hereby amended accordingly."*

**So judges are statutorily defined "taxpayers"** under Section 7701(a)(14).  These statutes clearly define plaintiff's opponents and the adjudicators (judges) as the subject of the tax while never including the plaintiff as liable for the tax.  This is true as to the 1939 IRC section 22 (though vagueness begins here), to the 1954 code where vagueness is prevalent after the 82nd edition.  And to the 86 code which is a statutory dance through a vagueness minefield.  Where am I specifically named?  And who has the jurisdiction to decide?

But there is **no doubt** that federal judges are taxpayers and this creates a conflict of interest as big as the Washington Monument.  But plaintiff argument is clearly, he is not the subject of the tax implied and is therefore not liable for the penalties relative to the purported tax.

Respondent moves to *"Dismiss the petition for review of the 6702 frivolous return penalty"*.

Insofar as this action is concerned plaintiff concurs that dismissal without prejudice from the U.S. District court should be immediate as evidence of a judicial conflict of interest is now on the record with regard to the presiding judge.  Impartiality is a legal impossibility as the Department of the Treasury pays the salaries, wages, or compensation of federal judges and the Executive Department collects the tax thereupon.  This evil principle goes down to the very foundation of our fundamental laws as is evidence by the founder's petition to the King George of England on July 4, 1776 where they said:

> *"To prove this, let facts be submitted to a candid world....He has made Judges dependent on his will alone, for the Tenure of their Offices, and the Amount and Payment of their Salaries...."*

**Are the rules of the game any different today?**

8

cert mail #: 7004 2510 0000 4469 5102

Wherefore appellant demands that this action be dismissed from the U.S. District Court without prejudice as judge George A. O'Toole Jr. has failed to inform plaintiff of his conflict of interest. Under the circumstances no federal judge can maintain the impartiality required in this case to make a determination of "liability" which has been the essence of appellant's argument from day one.

The United States Constitution guaranties under the Bill of Rights that:

Amemdment VII:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

Therefore Appellant demands that a 7th Amendment Jury Trial be made available to him as only a jury of his piers is lawfully capable of rendering an impartial determination relative to the facts provided by plaintiff in his own defense. This is the only way plaintiff can be assured of "Equal Protection" and "Due Process" under the Constitution. Rule 38 says appellant's right to trial by jury is inviolate. How else could a private citizen be protected against a tyrannical government!

Date: 02/12/2005

Bruce P. Plasse (Pro Se)
P.O. Box 265
Oxford, MA. 01540-0265

### VERIFICATION

The following complaint, by the hand of Bruce P. Plasse, Plaintiff-Appellant, is given subject to the penalties of perjury.

Bruce P. Plasse

9

cert mail #: 7004 2510 0000 4469 5102