

EXHIBIT A
with Response

05/03/2004

Dear: Tax Court Clerk or relevant persons,

As a student of law I am writing to the Tax Court to determine jurisdiction relative to Subtitle C of the Internal Revenue Code. I am in the midst of discussions relative to a determination of "*tax liability*" under Subtitle C. Specific to my study is Chapter 24. I have reviewed the regulations promulgated by the Secretary at Part 31 of Title 26 CFR. The regulations specific to chapter 24 are found in subpart E of that Part.

<u>31.0-1 Introduction</u> says: "The regulations in this Part relate to the Employment Taxes imposed by Subtitle C (chapter 21 – 25 inclusive)...."

<u>Sections 31.0-2 and 31.0-3</u> explain how to apply the regulations to Subtitle C through the application of various subparts. Before any amount of liability can be determined relative to chapter 24 one must determine by application of the statutes and regulations if he or she is the subject of the tax therein. *My question is whether or not it is possible to bring an argument at law before the Tax Court to determine a liability within the Employment Laws under Subtitle C?*

There is some confusion on my part while reviewing the procedural rules at Part 600 to end, the following citation was found, <u>Section 601.102 Classification of Taxes Collected by the Internal Revenue Service</u>:

(a) Principal Divisions, internal revenue fall generally into the following two main classes.

(1) Taxes collected by assessment.

Page 1 of 2
Cert. Mail: 7003 3110 0001 1933 0367

(2) Taxes collected by means of revenue stamp.

(b) Assessed Taxes, taxes collected principally by assessment.

(2) Taxes not within the jurisdiction of the U.S. Tax Court.

(1) Employment Taxes.

My question is not relative as to any determination of an amount owed but is specific as to whether or not the Tax Court has the jurisdiction to determine as a matter of law any liability under Subtitle C. If 601.102(b)(2)(1) is accurate then I cannot find jurisdiction to determine an "*Employment Law*" liability in the Tax Court. *If this is the case can you tell me which court an individual should petition to seek answers to questions of law relative to Subtitle C?* Any help you can advance would be greatly appreciated by me. I am providing an exhibit of 601.102 for your edification.

Sincerely,

*Bruce P. Plasse*

Bruce P. Plasse
P.O. Box 265
Oxford, MA. 01540-0265

Enclosed:

Section 601.102

Page 2 of 2

Cert. Mail: 7003 3110 0001 1933 0367

## 26 CFR Ch. I (4-1-99 Edition)

intendence of the assessment, collection of all taxes imposed by law providing internal revenue. The Internal Revenue Service. Within these functions of the Treasury with respect to internal revenue tax matters is contained in Subpart F of this part. Subpart G of this part relates to matters of official record in the Internal Revenue Service and the extent to which records and documents are subject to publication or open to public inspection. This part does not contain a detailed discussion of the substantive provisions pertaining to any particular tax or the procedures relating thereto, and for such information it is necessary that reference be made to the applicable provisions of law and the regulations promulgated thereunder. The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations.

[38 FR 4955, Feb. 23, 1973 and 41 FR 20880, May 21, 1976, as amended at 45 FR 7251, Feb. 1, 1980; 49 FR 36498, Sept. 18, 1984; T.D. 8685, 61 FR 58008, Nov. 12, 1996]

### § 601.102 Classification of taxes collected by the Internal Revenue Service.

(a) *Principal divisions.* Internal revenue taxes fall generally into the following two principal divisions:

(1) Taxes within the jurisdiction of the U.S. Tax Court. These include:

(i) Income and profits taxes imposed by Chapters 1 and 2 of the 1939 Code and taxes imposed by subtitle A of the 1954 Code, relating to income taxes.

(ii) Estate taxes imposed by Chapter 3 of the 1939 Code and Chapter 11 of the 1954 Code.

(iii) Gift tax imposed by Chapter 4 of the 1939 Code and Chapter 12 of the 1954 Code.

(iv) The tax on generation-skipping transfers imposed by Chapter 13 of the 1954 Code.

(v) Taxes imposed by Chapters 41 through 44 of the 1954 Code.

(2) Taxes not within the jurisdiction of the U.S. Tax Court. Taxes not imposed by Chapter 1, 2, 3, or 4 of the 1939 Code or Subtitle A or Chapter 11 or 12 of the 1954 Code are within this class, such as:

(i) Employment taxes.

(ii) Miscellaneous excise taxes collected by return.

(3) The difference between these two main classes is that only taxes described in subparagraph (1) of this paragraph, i.e., those within the jurisdiction of the Tax Court, may be contested before an independent tribunal prior to payment. Taxes of both classes may be contested by first making payment, filing claim for refund, and then bringing suit to recover if the claim is disallowed or no decision is rendered thereon within six months.

[32 FR 15990, Nov. 22, 1967, as amended at 35 FR 7111, May 6, 1970; 46 FR 26053, May 11, 1991; T.D. 8685, 61 FR.58008, Nov. 12, 1996]

### § 601.103 Summary of general tax procedure.

(a) *Collection procedure.* The Federal tax system is basically one of self-assessment. In general each taxpayer (or person required to collect and pay over the tax) is required to file a prescribed form of return which shows the facts upon which tax liability may be determined and assessed. Generally, the taxpayer must compute the tax due on the return and make payment thereof on or before the due date for filing the return. If the taxpayer fails to pay the tax when due, the district director of internal revenue, or the director of the regional service center after assessment issues a notice and demands payment within 10 days from the date of the notice. In the case of wage earners, annuitants, pensioners, and nonresident aliens, the income tax is collected in large part through withholding at the source. Another means of collecting the income tax is through payments of estimated tax which are required by law to be paid by certain individual and corporate taxpayers. Neither withholding nor payments of estimated tax relieves a taxpayer from the duty of filing a return otherwise required. Certain excise taxes are collected by the sale of internal revenue stamps.

## Internal Revenue Service, Treasury § 601.103

(b) *Examination and determination of tax liability.* After the returns are filed and processed in internal revenue service centers, some returns are selected for examination. If adjustments are proposed with which the taxpayer does not agree, ordinarily the taxpayer is afforded certain appeal rights. If the taxpayer agrees to the proposed adjustments and the tax involved is an income, profits, estate, gift, generation-skipping transfer, or Chapter 41, 42, 43, or 44, tax, and if the taxpayer waives restrictions on the assessment and collection of the tax (see § 601.105(b)(4)), the deficiency will be immediately assessed.

(c) *Disputed liability*—(1) *General.* The taxpayer is given an opportunity to request that the case be considered by an Appeals Office provided that office has jurisdiction (see § 601.106(a)(3)). If the taxpayer requests such consideration, the case will be referred to the Appeals Office, which will afford the taxpayer the opportunity for a conference. The determination of tax liability by the Appeals Office is final insofar as the taxpayer's appeal rights within the Service are concerned. Upon protest of cases under the jurisdiction of the Director, Foreign Operations District, exclusive settlement authority is vested in the Appeals Office having jurisdiction of the place where the taxpayer requests the conference. If the taxpayer does not specify a location for the conference, or if the location specified is outside the territorial limits of the United States, the Washington, D.C. Appeals Office of the Mid-Atlantic Region assumes jurisdiction.

(2) *Petition to the U.S. Tax Court.* In the case of income, profits, estate, and gift taxes, imposed by Subtitles A and B, and excise taxes under Chapters 41 through 44 of the 1954 Code, before a deficiency may be assessed a statutory notice of deficiency (commonly called a "90-day letter") must be sent to the taxpayer by certified mail or registered mail unless the taxpayer waives this restriction on assessment. See, however, §§ 601.105(h) and 601.109 for exceptions. The taxpayer may then file a petition for a redetermination of the proposed deficiency with the U.S. Tax Court within 90 days from the date of the mailing of the statutory notice. If

7



**UNITED STATES TAX COURT**

WASHINGTON, DC 20217

**CLERK OF THE COURT**

May 13, 2004

Bruce P. Plasse
P. O. Box 265
Oxford, MA 01540-0265

Dear Mr. Plasse:

    This refers to your letter dated May 3, 2004 mailed by certified mail with a return receipt request form and received on May 11, 2004.

    The Court does not provide advisory opinions. Of course, if a case begun in this Court requires an interpretation of a statute or regulation this would be done.

    Please acknowledge receipt of this letter so that we can insure that you timely received this response.

                             Very truly yours,

                             Charles S. Casazza
                             Clerk of the Court