

FORM 1

PETITION (Other Than In Small Tax Case)

(See Rules 30 through 34)

UNITED STATES TAX COURT

| | |
|---|---|
| **Bruce P. Plasse, Pro Se**<br><br>Petitioner(s)<br><br>v.<br><br>**Commissioner Of Internal Revenue**<br><br>and,<br><br>**Maria R. Russo (agent ID#: 04-03510 )**<br><br>**Kathleen Brown (agent ID#: 04-55222)**<br><br>Respondent(s) | Docket No.: TBD |

### PETITION

The petitioner hereby petitions for a re-determination (or liability) set for by the Commissioner of Internal Revenue in the Commissioner's notice of deficiency (or liability) dated _____, and as the basis for the petitioner's

1. The petitioner is an individual with mailing address now at:

   <u>P.O. Box 265,   53 Main Street,    Oxford,       Ma     01540-0265</u>

       Street   City   State  Zip Code

   Petitioner's Social Security Identification Number is: <u>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</u>.

   The return for the period here involved was filed with the Office of the Internal Revenue Service at: <u>Andover,   Ma</u>.

        City    State

1

CERTIFIED MAIL: 7003 3110 0001 1933 0442

2. The notice of deficiency (or liability) (a copy of which, is not included herein due to misplacement and a request to the IRS for a copy of the deficiency has been requested and will follow to be part of the record once received as, **Exhibit A**) was mailed to the petitioner on, and was issued by the Office of the Internal Revenue Service at _____.

3. The deficiency (or liabilities) as determined by the Commissioner are in income taxes for the calendar year <u>1999</u>, in the amount of $<u>7,916.18</u> [1], of which <u>all liability</u> is in dispute.

4. The determination of the tax set forth in the said notice of deficiency (or liability) is based upon the following errors:

4a. No authority to create a deficiency under Title 26 U.S.C, Subtitle C, Employment Laws.

4b. Improper order by IRS agent to petition the Tax Court in error regarding jurisdiction as to Employment Taxes.

5. The facts upon which the petitioner relies, as the basis of the petitioner's case, are as follows:

5a. Deficiency erroneously filed.

5b. Lien erroneously filed.

5c. Garnishment of earnings taken erroneously.

**Footnote:**

1. A copy of the levy placed on the Plaintiff's earnings by the IRS is enclosed herein as **Exhibit C**, only to show the amount of the tax liability claimed by the IRS for entry in paragraph 3 of this petition.

CERTIFIED MAIL: 7003 3110 0001 1933 0442

5d. The Commissioner claims that the deficiency is born under Subtitle A, but the statutes and regulations applicable to the remuneration that the IRS agent claims I receive is found under Title 26 U.S.C., Subtitle C, Chapter 24, Section 3401 and 3402 Et seq. and the regulations promulgating those statutes prove unequivocally that the these laws are to be relied upon for a determination of liability relative to wages found within Subtitle C.

5e. Misapplication of statutes and regulations within Subtitle C to create the determination of liability in Subtitle A.

5f. Correct venue for jurisdiction of Employment Taxes issues must be District Court as set forth under Section 601.102 of the procedural regulations.

Wherefore, petitioner prays that, the Tax Court respond to the questions submitted by the petitioner relative to the courts authority to hear an issue of liability relative to the laws under Subtitle C as put forward in, **Exhibits B**.

(Signed) _____
Petitionser of Councel

Dated: 05/30/2004

P.O. Box 265, 53 Main St., Oxford Ma 01540-0265

Present address, City, State, Zip Code

(508) 987-7040

Telephone (include area code)

3

CERTIFIED MAIL: 7003 3110 0001 1933 0442

**Exhibit B**

A recent CDP Hearing on April 23, 2004 between Bruce P. Plasse and Maria R. Russo of the IRS at 120 Front Street Worcester, Massachusetts has given rise for me to petition a court for jurisdiction relative to a lien placed on me on May or 2003. The hearing format was relative to <u>the appropriateness of the filing of Federal Tax Lien</u>. At the hearing the presiding IRS officer, Maria Russo, answered questions relative to the earnings upon which the deficiency was filed. An audio record of the proceedings was kept by both sides and I, Bruce P. Plasse, provided two witnesses. IRS Agent Russo had here immediate IRS supervisor, Kathleen Brown, in witness.

According to discussions between IRS agent Russo and myself it was agreed that the remuneration which was the subject of the lien was **"wages"** as earmarked on the W-2 form. Although IRS agent Russo was quite unfamiliar with code in general it was agreed between us that the chapter relevant to the issue was Chapter 24. Based on recorded discussions it was evident that IRS agent Russo believed that I was in-fact the "employee" defined in the statute at Section 3401(c). Clearly it was agreed by both parties that the cause of action relative to the lien was brought against me under the laws within Subtitle C of Title 26 U.S.C.

According to the law under Subtitle F, Title 26 U.S.C., <u>the authority to make a deficiency under Subtitle C does not exist</u>. Yet a lien has been filed against me. This appears to be a legal impossibility. On top of this the Procedural Rules under Section 601.102 of the Code of Federal Regulations (CFR) states clearly that the Tax Court does not have jurisdiction over **"Employment taxes"** issues.

4

CERTIFIED MAIL: 7003 3110 0001 1933 0442

## Exhibit B (continued)

Worse yet from my perspective, is that the judicial procedures under Section 301.6320-1(f) QUESTION - F5, ANSWER - F5 states that all of the material presented at a CDP Hearing is subject to review by the court having jurisdiction.

My question is this: Since the Tax Court does not have jurisdiction over "**Employment taxes**" issues, how can the material relative to my argument be brought before the Tax Court since it has no authority to review the material? IRS agent Russo for the IRS says: "I must petition the Tax Court". The question is, can the Tax Court here an issue to determine liability under U.S.C. Title 26, Chapter 24, Subtitle C or must I petition another court?

To continue, IRS agent Russo clearly addressed the fact that the statute under Section 3401(c) relative to an "**employee**", "<u>does not address how other wages are subject to withholding</u>". The question in this case then is whether or not the Tax Court can hear an issue of "undefined liability", such as is directed by Section 31.3401(a)-(2)(4)?

Clearly the issues developed within the CDP Hearing prove that the remuneration in question is to be subject to the guidelines of the "**Employment Laws**" under Chapter 24. I am submitting this petition timely but with questions as it appears that there is confusion on the part of the Internal Revenue Service as to where to direct issues such as mine. In searching the Tax Court website @ <u>http://www.ustaxcourt.gov/faq.htm</u> under Frequently Asked Questions, question #6 says: "<u>What should I attach to my petition?</u>" The answer says: "<u>The notice of deficiency, (or other document issued by the... should be attached to the petition.</u>" The problem is

5

CERTIFIED MAIL: 7003 3110 0001 1933 0442

## Exhibit B (continued)

if the deficiency has no authority relative to the law under Subtitle C in question, then it would have no force-and-effect-of-law. If jurisdiction is accepted by the Tax Court then this issue according to Section 301.6320-1(f) QUESTION - F5, ANSWER - F5 must be addressed by the application of the full presentation of material relative to the CDP Hearing.

CERTIFIED MAIL: 7003 3110 0001 1933 0442

FORM 5

## DESIGNATION OF PLACE OF TRIAL

(Available – Ask for Form 5)

(See Rule 140)

### UNITED STATES TAX COURT

Bruce P. Plasse, Pro Se

    Petitioner(s)

v.

Commissioner Of Internal Revenue,

and,                                             Docket No. TBD

Maria R. Russo (agent ID#: 04-03510)

Kathleen Brown (agent ID#: 04-55222)

    Respondent(s)

### DESIGNATION OF PLACE OF TRIAL

Petitioner(s) hereby designate(s) <u>Boston, MA</u> as the place of trial of this case.

_____
Signature of Petitioner or Counsel

Dated: 05/30/2004

7

CERTIFIED MAIL: 7003 3110 0001 1933 0442

(Rev. January 2003)

DATE: 11/18/2002

REPLY TO:
IRS/AUTOMATED COLLECTION SERVICE
P.O. BOX 24017
FRESNO, CA. 93776

TO:  P     06-0634736     DPC05

SIKORSKY FEDERAL CREDIT UNION
1000 ORNOQUE LANE
STRATFORD CT                    06614-1312000

TELEPHONE NUMBER     SEQNUM 00003
OF IRS OFFICE:
TOLL FREE            1-800-829-7650
WI

NAME AND ADDRESS OF TAXPAYER:
BRUCE P PLASSE
53 MAIN ST PO BOX 265
OXFORD   MA   01540-0265656

IDENTIFYING NUMBER(S):  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
PLAS  C  01

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040EZ | 12-31-1999 | $ 7,916.18 | $ 2,218.90 | $ 10,135.0 |
| CIVPEN | 12-31-2000 | $ 500.00 | $ 26.22 | $ 526.2 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➡

Total Amount Due ▶ $ 10,661.3

We figured the interest and late payment penalty to _____ 12/12/2002 _____.

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in Section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please bring a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charge

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative
Susan Meredith

Title  **Operations Manager, Collection**

Exhibit C