**Letter to Tax Court proving no Notice of Deficiency and
Request for Tax Court to show Jurisdiction in this Case
CERTIFIED MAIL: 7003 3110 0001 1933 0466**

07/04/2004

Docket No.: 969904 L
Name of Case: Bruce P. Plasse

# EXHIBIT C
...WITH RESPONSES

Dear Tax Court Clerk,

In my petition to this tax court one of the required items on the petition form is a copy of the notice of deficiency to complete the application. Because I have no record of this deficiency within my file from the year 1999 to present, I noted at section (2) in my petition that I have made a request to IRS agent Russo, badge number: 04-03510, the examiner from the CDP Hearing, to supply this deficiency and that I would send it to the court as soon as I received it from her. My first contact with Ms. Russo was by phone and I requested the notice of deficiency, which I informed her I did not have and that the tax court required it with the petition. Ms. Russo responded by sending me a letter with a copy of all of the documents within my folder of record, please see Exhibit 1. I then sent a formal request by U. S. Postal Service return receipt mail (#7003 3110 0001 1933 0411) for such notice of deficiency informing the IRS agent that although the information she sent me was appreciated it did not contain the notice of deficiency that I need to complete my petition to this tax court, see Exhibit 2. A short time later I received a response from Ms. Russo stating that she had sent me everything within my file, see Exhibit 3. I can only determine from her actions that a notice of deficiency does not exist and therefore the IRS cannot provide me with one. Therefore, I am requesting that if a "notice of deficiency" becomes available to the tax court that it inform and send me a copy so that I may maintain it for my records and have the opportunity to substantiate the validity of its issuance.

## Letter to Tax Court proving no Notice of Deficiency and Request for Tax Court to show Jurisdiction in this Case
### CERTIFIED MAIL: 7003 3110 0001 1933 0466

Additionally, since the IRS is reluctant to either send me this document or the document does not exist evidenced by Ms. Russo's correspondence, I ask this court once again to prove it has jurisdiction in this matter. Once again by Ms. Russo's own admission recorded during my CDP Hearing in this matter has been proven to be an issue of liability within the Subtitle C Employment Laws. Ms. Russo clearly expressed the fact I am defined within the term employee under Section 3401(c) of the Employment Laws within chapter 24 of Title 26 U.S.C. My petition asks this tax court if it has jurisdiction and no answer has come forth. I have been forced under the threat of sanctions to petition the Tax Court. Considering the fact that Section 601.102 of the Procedural Regulations only allows the tax court jurisdiction under Subtitles A, B, and D, how can I possibly be subject to sanctions for failing to petition the Tax Court? Again I ask, **Does this Tax Court have jurisdiction under the Employment Laws?** Since I do not believe this tax court has jurisdiction, if I do not receive a direct and timely answer, I can only derive from your silence that it does not have jurisdiction. The question can easily be answered by providing the statute and regulations that provide such authority. If the tax court can not prove that it has jurisdiction via the laws and procedural regulations and or ignores my request for proof, I will have no other alternative but to withdraw my petition and petition in a court of proper jurisdiction.

Sincerely,

Bruce P. Plasse
Pro Se Plaintiff

# UNITED STATES TAX COURT

WASHINGTON, DC 20217

BRUCE P. PLASSE,  )
                  )
        Petitioner )
                  )
    v.            )    Docket No. 9699-04L.
                  )
COMMISSIONER OF INTERNAL REVENUE, )
                  )
        Respondent )

## O R D E R

Upon due consideration of petitioner's Motion to Dismiss for Lack of Jurisdiction filed July 12, 2004, it is

ORDERED that respondent shall on or before August 5, 2004, file a response to petitioner's motion and shall attach thereto a copy of the notice(s) issued to petitioner for the taxable years 1999 and 2000 upon which this case is based.

(Signed) Joel Gerber

Joel Gerber
Chief Judge

Dated:  Washington, D.C.
        July 14, 2004

**UNITED STATES TAX COURT**

| | |
|---|---|
| BRUCE P. PLASSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No. 9699-04L |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE TO MOTION TO DISMISS FOR LACK OF JURISDICTION**

Pursuant to the Court's Order dated July 14, 2004, respondent states that it objects to petitioner's motion to dismiss for lack of jurisdiction and hereby requests additional time in which to provide the Court with the notices issued to petitioner for the taxable years 1999 and 2000, and further states as follows:

1. Respondent did not issue a notice of deficiency to petitioner for either the 1999 or 2000 taxable years but did issue other notices with respect to each year.

2. Respondent's counsel has requested the administrative files relating petitioner's outstanding liabilities for taxable years 1999 and 2000 but has not received them to date.

3. Respondent needs additional time to obtain such files and provide the Court with the notices issued.

4. The notices which respondent expects to provide relate to respondent's assessment of an (a) income tax liability pursuant to I.R.C. § 6213(b)(1) for the 1999 taxable year (the

Docket No. 9699-04L         - 2 -

"1999 Income Tax Liability"); and (b) I.R.C. § 6702 penalty for the 2000 taxable year (the "Penalty").

5. Respondent was not required to issue a notice of deficiency in connection with either the assessment of the 1999 Income Tax Liability or the Penalty.

6. Respondent, however, does not believe that any notices issued in connection with such assessments are not relevant to petitioner's motion.

7. Rather, respondent believes that petitioner's confusion regarding the need for a notice of deficiency to complete his petition stems from his use of a petition form that was intended for use as a Petition for Redetermination of a Deficiency.

8. This case involves a Petition for Lien or Levy Action under Code Section 6230(c) or 6330(d) and at issue is respondent's Notice of Determination dated May 11, 2004, upholding the filing of a notice of federal tax lien with respect to petitioner's 1999 Income Tax Liability (the "Determination"). A copy of the Determination is attached as Exhibit A.

9. Petitioner timely petitioned this Court for a review of the Determination, and the Penalty is not at issue in this case.

10. Accordingly, this Court clearly has jurisdiction and respondent objects to petitioner's motion to dismiss for lack of jurisdiction.

11. It obvious to respondent that petitioner is merely

Docket No. 9699-04L                - 3 -

pursuing frivolous and groundless arguments, and respondent intends to address these arguments in an appropriate motion.

WHEREFORE, respondent requests that the Court provide respondent with an additional thirty (30) days in which to provide the Court with the notices issued to petitioner for the taxable years 1999 and 2000, and that petitioner's motion be denied.

                                  DONALD L. KORB
                                  Chief Counsel
                                  Internal Revenue Service

Date: AUG 0 3 2004

By: _____
MICHAEL R. FIORE
Attorney
(Small Business/Self-Employed)
Tax Court Bar No. FM0448
Tip O'Neill Bldg.
10 Causeway Street
Room 401
Boston, MA 02222-1061
Telephone: (617) 565-7877

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
LINDA R. DETTERY
Area Counsel
(Small Business/Self-Employed:Area 1)
MAUREEN T. O'BRIEN
Associate Area Counsel
(Small Business/Self-Employed)

Docket No. 9699-04L

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing RESPONSE TO MOTION TO DISMISS FOR LACK OF JURISDICTION was served on petitioner by mailing the same on ___AUG 0 3 2004___ in a postage paid wrapper addressed as follows:

> Bruce P. Plasse
> P.O. Box 265
> 53 Main Street
> Oxford, MA 01540-0265

Date: ___AUG 0 3 2004___

_____
MICHAEL R. FIORE
Attorney
(Small Business/Self-Employed)
Tax Court Bar No. FM0448