Response to United States Tax Court's "Motion to Dismiss",
Not Requested By Petitioner

07/17/2004

Docket No.: 9699-04L
Name of Case: Bruce P. Plasse

# EXHIBIT D



Dear Tax Court Clerk,

I have received a copy of the "ORDER" that the Chief Judge submitted to the respondent requiring them to, *"file a response to petitioner's motion and shall attach thereto a copy of the notice(s) issued to petitioner for the taxable years 1999 and 2000 upon which this case is based."*

The correspondence must be addressed for the following reasons:

1. On three previous occasions petitioner asked in no uncertain terms whether or not the tax court has jurisdiction in this case.

2. Petitioner did not make a "motion to dismiss" but only asked the court to respond to the question of jurisdiction.

A copy of a notice of deficiency is relevant to the action at hand and petitioner does in fact demand that instrument(s) be provided as this is relevant to the nature of the proceedings. The production of such notice of deficiency(ies), and or the lack thereof, are both relevant to the question of jurisdiction.

1. If there is no notice of deficiency, how can I be subject to the jurisdiction of the tax court?

2. And, if there is a notice of deficiency where would it have statutory relevance to the Employment Laws? Thus, where is the Tax Court's jurisdiction? And, in the name of maintaining unbiased judicial integrity the tax court should seek to move the issue within a court of proper jurisdiction.

CERTIFIED MAIL: 7002 2030 0004 6545 8196

Response to United States Tax Court's "Motion to Dismiss",
Not Requested By Petitioner

section 6211 and 6212, as attested to by the Procedural Rules at Section 601.102(b)(2)(1), see Plaintiff's Petition.

2. The existence of a notice of deficiency does not alter the petitioner's request for a response to the question of "Jurisdiction" but is relevant to statutory authorities available to the IRS. Therefore, let it be understood that the question of jurisdiction prevails as to the question of the court's authorities. Failure by the court to respond to petitioner's question of jurisdiction would be the cause upon which petitioner would withdraw his petition.

3. Petitioner only petitioned the tax court for the year 1999 upon which this case is based and not including the year 2000, as erroneously states in the court's order to the respondent.

Petitioner seeks to obey the law but only in a court of proper jurisdiction. The question is, DOES THE TAX COURT HAVE JURISDICTION IN THE EMPLOYMENT LAWS? **Yes or No!**

Wherefore, I am providing the court 10 days, from the date of this letter, an opportunity to respond to the repeatedly asked question of jurisdiction. Failure to respond would leave petitioner no alternative but to assume no such jurisdiction exists.

Sincerely,

Bruce P. Plasse
Pro Se Plaintiff

CERTIFIED MAIL: 7002 2030 0004 6545 8196

Page 3 of 3

Response to United States Tax Court's "Motion to Dismiss",
Not Requested By Petitioner

The "ORDER" says, *"upon due consideration of petitioner's motion to dismiss for lack of jurisdiction filed July 12, 2004, it is .... ordered. That respondent shall on or before August 5, 2004, file a response to petitioner's motion and attach thereto a copy of the notice(s) issued to the petitioner...."* The preceding statement presumes two erroneous facts:

1. My communication of 07/04/2004 asks, *"Does the Tax Court have jurisdiction under the Employment Laws?"*, and I stated clearly the following,

   *"If I do not receive a direct and timely answer I can only derive from your silence that it does not have jurisdiction."* And, *"If the Tax Court can not prove that it has jurisdiction via the laws and procedural regulations and or ignores my request for proof, I will have no other alternative but to withdraw my petition and petition in a court of proper jurisdiction."*

   So as the court can see, petitioner did not make a "**Motion to Dismiss**", but predicated his appearance before the Tax Court on a specific testament of authority (jurisdiction).

2. Therefore, the respondent would not be required to "file a response to petitioner's motion" because no such motion has been made.

The <u>failure to prove jurisdiction</u> would be cause to withdraw my petition before this court, but I refrain from making such withdrawal until I receive the court's timely response, **OR** as a result of the court's failure to respond, to the question of jurisdiction. Petitioner only asked:

1. Whether the tax court has authority to hear a case of tax liability under the laws relative to the Subtitle C Employment Laws, promulgated by Part 31 Employment Regulations, administered under Subtitle F regarding deficiency authority under

CERTIFIED MAIL: 7002 2030 0004 6545 8196

Page 2 of 3