**Plaintiff Formally Withdraws Petition to Tax Court do to Lack of Jurisdiction,**
**Plaintiff Now Moves to Petition a Court of Proper Jurisdiction,**
**Plaintiff Does Not Move to Dismiss Actions Against IRS**

07/31/2004

Bruce P. Plasse

Docket No.: 9699-04 L



EXHIBIT E

With Responses

To: Tax Court Clerk/Judge,

**Upon sustaining these fact:**

1. The terms of law defined in Subtitle C according to IRS agents Russo and Brown, duly recorded on April 23, 2004 by audio and written record, subjected me to the liability defined therein, and that

2. My earnings earmarked on a W2 form bearing the OMB# 1545-0008 was the subject of the tax therein.

3. I was directed by determination to petition the Tax Court for Judicial review.

4. The record relative to that hearing consistently refers to the laws at 3401et seq, 3402et seq, and the promulgating regulations under part 31 of the Employment Laws under 26 Code of Federal Regulations.

5. Based on the determination resulting from that hearing I petitioned the Tax Court as directed by the Notice of Determination, but with reservations, and demanded that the court prove jurisdiction as a pre-requisite to petitioner coming before the court. See certified mailings numbered: #70003 3110 0001 1933 0367 of May 3, 2004, #7003 3110 0001 1933 0466 of July 4, 2004, and #7002 2030 0004 6545 8196 of July 17, 2004, also see plaintiff's petition to the Tax Court, Civil Case docket #9699-04 L.

6. The Tax Court having firmly established its position regarding jurisdiction in the Civil Case docket #9699-04 L by acquiescence in its failure to respond, causes the petitioner, Bruce P. Plasse, to formally withdraw his petition from the court for the reasons stated in the certified mailings mentioned above.

Page 1 of 2

Certified Mail: 7003 1680 0000 1169 8695

**Plaintiff Formally Withdraws Petition to Tax Court do to Lack of Jurisdiction,**
**Plaintiff Now Moves to Petition a Court of Proper Jurisdiction,**
**Plaintiff Does Not Move to Dismiss Actions Against IRS**

7. Section 601.102 (b)(2)(i) clearly defines "Classifications of taxes collected by the Internal Revenue Service" and the courts authority therein, to which no response by the Tax Court has been forthcoming.

8. According to Hagans v. Lavine, 415 U.S. 533: "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings."

9. Kathleen Brown and Maria Russo should not have directed this action to the U.S. Tax Court. Furthermore the Tax Court has failed in its responsibility to answer specific questions pertaining to jurisdiction.

10. According to The Procedural Regulations under 301.6320(f) Q-F3, A-F3 and Q-F5, A-F5 petitioner will seek relief in a court of proper jurisdiction.

This correspondence shall be considered my affidavit of truth as it pertains to the facts of law relative to the mailings described above, accurate as determined by my good faith study of the laws as they are applied to this case, and believed accurate based upon the fact that ample opportunity was supplied the court to rebut the claims stated therein. Plaintiff herein requests the return of his filing fee paid to the court as a requirement to petition therein. Plaintiff will now petition the court of proper jurisdiction.

Sincerely,

Bruce P. Plasse
Plaintiff, Pro Se

Certified Mail: 7003 1680 0000 1169 8695

# UNITED STATES TAX COURT
## WASHINGTON, D. C. 20217

BRUCE P. PLASSE, )
)
            Petitioner )
)
  v. ) Docket No. 9699-04L
)
COMMISSIONER OF INTERNAL REVENUE, )
)
           Respondent. )

### ORDER AND ORDER OF DISMISSAL

      On July 12, 2004, petitioner filed a Motion to Dismiss for Lack of Jurisdiction on the ground no notice of deficiency has been sent to him. On July 26, 2004, a supplement to petitioner's motion was filed and on August 4, 2004, respondent filed a response to the motion to dismiss. On August 9, 2004, petitioner filed a Motion to Withdraw Petition.

      The petition filed in this case seeks review of respondent's collection activity with respect to petitioner's income tax liability for the taxable year 1999. Petitioner was sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated May 1, 2004 with respect to his income tax liabilities for the taxable year 1999. The parties agree that no notice of deficiency has been sent to petitioner for the taxable year 1999.

      A taxpayer may appeal a notice of determination concerning collection action to the Tax Court if the Court generally has jurisdiction over the type of tax involved. Sec. 6330(d)(1)(A); Downing v. Commissioner, 118 T.C. 22, 26 (2002). If the Tax Court does not have jurisdiction over the type of tax involved an appeal may be made to a district court of the United States. Sec. 6330(d)(1)(B). The type of tax at issue in this case is Federal income tax over which this Court has jurisdiction. Accordingly, the only remaining requirements for this Court's jurisdiction are a valid notice that embodies a determination to proceed with collection and a timely filed petition for review. Lunsford v. Commissioner, 117 T.C. 159, 161 (2001). The notice of determination upon which this case is based is valid on its face and the petition was timely filed in response thereto.

BRUCE P. PLASSE
Docket No. 9699-04L

-2-

Accordingly, we have jurisdiction in this case and petitioner's motion to dismiss for lack of jurisdiction, as supplemented, shall be denied. However, pursuant to <u>Wagner v. Commissioner</u>, 118 T.C. 330 (2002) petitioner's motion to withdraw petition shall be granted and this case dismissed.

The foregoing considered, it is

ORDERED that petitioner's Motion to Dismiss for Lack of Jurisdiction, as supplemented, is denied. It is further

ORDERED that petitioner's Motion to Withdraw Petition is granted <u>in that</u> this case is dismissed.


(Signed) Joel Gerber

Joel Gerber
Chief Judge

ENTERED:   AUG 2 3 2004