## Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

09/04/2004

Docket No.: 9699-04 L
Name of Case: Bruce P. Plasse

 E**XHIBIT** _E_

To Tax Court Chief Judge Joel Gerber,

It is imperative at this time that I , Bruce P. Plasse, petitioner in the civil case docket number 9699-04L respond to the recent correspondence which I have received from the tax court. The letter purportedly signed by chief judge Joel Gerber, though no signature was affixed, but a name typed in, raises some rather perplexing issues which I will address as clearly as possible as these issues will be brought before a court of proper jurisdiction.

The first paragraph of your letter says:

*"on July 12, 2004, petitioner filed a motion to dismiss for lack of jurisdiction on the ground no notice of deficiency has been sent to him."*

As a matter of record and a record is required in this case, in order to prove petitioners intent, the following is true. In my letter to the tax court dated 07/04/2004 by certified receipt mail number 7003 3110 0001 1933 0466, I explained the issues regarding the existence or lack thereof of a "notice of deficiency". Having not been provided such notice at that point in time, I requested that:

**"If a notice of deficiency becomes available to the tax court that it inform and send me a copy so that I may maintain it for my records and have the opportunity to substantiate the validity of its issuance."**

This statement is bold and deliberate, as it attests to the fact that the law can be tested with regard to the authority to issue such notice. If the notice of deficiency exists then the law substantiates its use and an "assessment" could thereby be made upon its issue. *However, if law does not provide for its issuance then no jurisdiction relative to collection by the tax court would exist.* And so I asked the court boldly, "Once again to prove it has jurisdiction in this matter", **but I did not ask to dismiss.** My correspondence of 07/17/2004 substantiates this fact where I responded to the court's order by chief judge Joel Gerber submitted to the respondent wherein he told them to:

## Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

*"File a response to the petitioners motion and shall attach thereto a copy of the notice(s) issued to the petitioner for the taxable years 1999 and 2000 upon which this case is based."*

And I answered:

1) **"On three previous occasions petitioner asked in no uncertain terms whether or not the tax court has jurisdiction in this case."**

2) **"Petitioner did not "motion to dismiss" but only asked the court to respond to the question of jurisdiction."**

3) **"A copy of the notice of deficiency is relevant to the action at hand and petitioner does in fact demand that the instrument(s) be provided as this is relevant to the nature of the proceedings. The production of such notice of deficiency(ies), and or lack thereof, are both relevant to the question of jurisdiction."**

So, as you can see, the persistent question of jurisdiction precludes coming before the court as petitioner intends not to come before the same, unless jurisdiction is on the record prior to any plea before that court. If the tax court can hear an employment argument under the laws of Subtitle C, then the relevance of the existence of a notice of deficiency under Subtitle F relevant to the employment laws would be just one issue before the court. But the court's silence on the question of jurisdiction is as subtle as swatting a bug with a ten pound sledge-hammer. However, since all of my earnings as substantiated as a matter of record on a W-2 are derived under an employment agreement, the laws for which are all to be found under Subtitle C, then your response to the question of jurisdiction relative to a notice of deficiency issued under section 6211 and section 6212 of Title 26 U.S.C. is imperative as no authority to make such deficiency prevails within that section of law. You have never responded to that question but have attempted to convolute the laws relative to employment issues under Subtitle C into an income tax argument under Subtitle A before the argument has even reached the courts. My earnings are all the result of an employment agreement under Subtitle C wherein the tax court has no jurisdiction. Furthermore, your prejudice is more than apparent in this matter, as you state in paragraph three of your correspondence:

## Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

*"A taxpayer may appeal a notice of determination concerning collection action to the tax court if the court generally has jurisdiction over the type of tax involved."*

You then go on to say:

*"The type of tax at issue in this case is federal income tax over which this court has jurisdiction."*

Your statement is ridiculous, and an outrage. No such determination could possibly be made without a complete review of all the laws and regulations relative to the source upon which my earnings have accrued, and since all of the laws and regulations relative to my employment agreement reside under Subtitle C, and the record created at my CDP Hearing is replete with evidence of that fact. That evidence must be brought forward to conclude a determination of liability. Section 301.6330-1(f)(2) Q-F5, A-F5 tells us clearly:

Q-F5 *"In seeking tax court or District Court review of appeals notice of determination, the taxpayer can only request that the court consider an issue that was raised at the taxpayers CDP Hearing."*

Therefore having shown:

1. **That my employment agreement is a matter of record relative to Subtitle C.**
2. **That the information available for review by the court is that which was "raised at the taxpayers CDP Hearing."**
3. **Section 601.102 of the regulations at (b)(2)(i) clearly tells us that the tax court has no jurisdiction in matters relative to "Employment Taxes",**

Then, how could you, sir, determine without a record of such hearing, or without authority to review such record, how on earth a "wage" tax liability, or lack thereof, is an income tax under Subtitle A? Your court, the Tax Court, per 601.102(b)(2)(i) cannot maintain jurisdiction. But you refuse to respond to this issue. You hold the America people hostage to lies and misinformation as a matter of choice or you judge the law from an astute position of authority without the slightest understanding of the law yourself, and **"ignorance of the law is no excuse"**.

## Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

Finally, you say:

> "*Accordingly, we have jurisdiction in this case and petitioner's motion to dismiss for lack of jurisdiction, as supplemented, shall be denied. However, pursuant to Wagner v. Commission, 118 T.C. 330 (2002) petitioners motion to withdraw petition shall be granted and this case dismissed.*"

Talk about **Orwellian** "*double speak*". Through multiple mailings including my petition to the tax court of 06/03/2004 by certified return receipt number 7003 3110 1933 0442, the same question has been consistently avoided by you and your court as to whether or not jurisdiction exists for you to review the employment laws written under Subtitle C, all relevant to my remuneration, all still remaining unanswered. You then place the shoe on the other foot by denying ."*petitioners motion to dismiss for lack of jurisdiction*", which **motion of course petitioner has never made**, which the record clearly shows and, which your court has convoluted by misstatement in order to avoid responding truthfully to petitioner's questions.

On July 31, 2004 in certified mailing receipt number 7003 1680 0000 1169 8695, I said to the court:

**"3.  I was directed by determination to petition the tax court for judicial review.**

**4.  The record relative to the hearing consistently refers to the laws at sections 3401 et seq, 3402 et seq, and the promulgating regulations under part 31 of the Employment Laws under 26 Code of Federal Regulations.**

**5.  Based on the determination resulting from that hearing I petitioned the tax court as directed by the notice of determination, <u>but with reservation</u> and demanded that the court prove jurisdiction as a prerequisite to petitioner coming before the court."**

That prerequisite has been the mainstay of my position throughout this process, **but never did I request any dismissal while I awaited your court's response.** But to finalize your corruption, you attempt to deny a non-existent "*petitioner's motion to dismiss for lack of jurisdiction*" and then state, in your current correspondence, "*petitioner's motion to withdraw petition shall be granted and this case dismissed.*", while at the same time lying about this case being about an "*Income Tax Argument*"!

This is perfect from your perspective as no response regarding your jurisdictional authority under Subtitle C has ever emanated from your court, except from your current cop-out that I now

## Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

respond to, but you have seized on the motion to withdraw thereby dismissing the case yourself. But, let it be known that your hot potato is only avoided for the moment. Relegated to useless parchment as our Constitution has become, "Due Process" still resides within our Bill of Rights and I have been accused of a liability which does not exist, and I am entitled to judicial review in a court of proper jurisdiction as you yourself have said according to section 6330(d)(1)(B).

No judicial review of notice of determination under 301.6320-1(f)(2) Q-F3 and A- F3 would be a denial of Due Process and the determination made by the IRS would not stand as "valid on its face". Your denial is not sufficient to stop me from seeking the truth regarding my tax liabilities or lack thereof, or in seeking relief from those by whom I have been aggrieved. The law speaks for itself and must be dealt with. Thousands of pages of court dictum mean nothing when complied against *sheeple* who know nothing about the law, but the law speaks boldly to me and I intend to be the recipient of the "Law". The courts do not write law and each case before the court is an individual case required to be heard as such. To date you have provided nothing to support your position but "case law" while statutes and regulations have been avoided like the plague. Someone must answer to the question of "Jurisdiction" before this issue is closed, or "Due Process" is dead. To further compound the dilemma that your court is faced with one need only look at the determination, which was issued from the office of agent Russo. It is obvious on its face that the directive to your court for judicial review was a predestine conclusion as Ms. Brown said clearly regarding agent Russo's future, not yet conceived, determination:

> *"She explained that a notice of determination letter would be issued which would detail the decision reached and the letter would direct him to file a petition in the U.S. Tax Court if he disagreed with the determination and wished to contest the matter further.",*

And your correspondence of 08/03/2004 says:

> *"The type of tax at issue in this case is federal income tax over which this court has jurisdiction."*

So, the questions now are:

1. How did Ms. Russo know before her determination was issued what court the petitioner was to file with?

### Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

2. **Without access to all of the material that was brought before agents Russo and Brown as part of the CDP Hearing, how could you sir, determine that "the type of tax at issue in this case is a "federal income tax""?**

I suggest this is so, because with regard to all such issues regarding the application of the tax laws under Title 26 U.S.C., a *Defacto* process of adminitrative procedure and judicial review has displaced the *Dejure* function of the laws as they are written. This is nothing less than a conspiracy on the part of government at levels affecting all branches, including yours. Thereby, denying the people their right to judicial protection relative to the application of the laws, as I am witnessing right now.

As a final note, the following facts are true with regard to this case. The respondent in their petition of August 3, 2004, stated the following:

"*1. respondent did not issue a notice of deficiency to petitioner for either the 1999 or 2000 taxable years.*",

Wherefore:

- The law says at Section 6330(c)(2)(B), Underlying liability, "The person may also raise at the hearing challenges to the existence of amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability".

- The open admission of the respondent cited above makes clear the fact that I can bring this action regarding an "underlying tax liability" to the proper court. This coupled with the fact that there is no statutory authority for deficiency under sections 6211 and 6212 under Subtitle C, clearly proves this case to be the subject of the U.S. District Court.

- Perhaps the IRS or the tax court can provide records that prove I had income from sources other than that which is defined under Subtitle C, keeping in mind my W-2 record, which would make me the subject under Subtitle F of deficiency procedures under section 6211 and section 6212 for purposes of an income tax under Subtitle A?

My correspondences to your court have persistently asked that you respond to the question of jurisdiction as defined by section 601.102 of the regulations. Your deliberate

## Response to Tax Courts Dismissal of August 23, 2004
### CERTIFIED MAIL: 7003 1680 0000 1169 8640

disregard to those appeals proves the fraudulent intent of your actions, and that question remains unanswered to this day.  I intend to find an answer to that question.  The issue regarding any notice of deficiency has always been held by me to be relevant to the case before the court whether such instrument existed, or not, as this is pertinent to a decision in the case.

That is why I said:

**"The production of such notice of deficiency(ies), and or lack thereof, are both relevant to the question of jurisdiction."**

And in ending this admonishment to the court, I note to the IRS and to the Tax Court that they should both stop placing on me the appellation of *"taxpayer"*, until such terminology in law has been proven, please review the definition of *"taxpayer"* given below from Title 26 U.S.C., Subtitle A:.

**7701(a)(14) Taxpayer:**

**"The term "taxpayer" means any person subject to any internal revenue tax ."**,

*And only judicial process according to the law can prove if such term applies to me!*

Sincerely,

Bruce P. Plasse,
Pro Se Plaintiff

# UNITED STATES TAX COURT
**Washington, D. C.  20217**

| | |
|---|---|
| BRUCE P. PLASSE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Docket No. 9699-04L |
| ) | |
| COMMISSIONER OF INTERNAL REVENUE, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

On June 10, 2004, a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) was filed to commence this case.  On July 12, 2004, the Court received a document from petitioner titled "Letter to Tax Court proving no Notice of Deficiency and Request for Tax Court to show Jurisdiction in this Case" which was filed by the Court as petitioner's Motion to Dismiss for Lack of Jurisdiction.  On July 26, 2004, the Court received a document from petitioner titled "Response to United States Tax Courts Motion to Dismiss, Not Requested by Petitioner" which was filed as a Supplement to Motion to Dismiss for Lack of Jurisdiction.  On August 4, 2004, respondent filed a Response to Motion to Dismiss for Lack of Jurisdiction and attached thereto a copy of a Notice of Determination Concerning Collection Action Under Code Section(s) 6320 and/or 6330 dated May 11, 2004, for petitioner's taxable year 1999.  On August 9, 2004, the Court received from petitioner a document titled "Plaintiff Formally Withdraws Petition to Tax Court do to Lack of Jurisdiction, Plaintiff Now Moves to Petition a Court of Proper Jurisdiction, Plaintiff Does Not Move to Dismiss Actions Against IRS" which was filed as petitioner's Motion to Withdraw Petition.  By Order and Order of Dismissal for Lack of Jurisdiction entered August 23, 2004, petitioner's motion to dismiss for lack of jurisdiction, as supplemented, was denied and petitioner's motion to withdraw was granted in that the case was dismissed. On September 13, 2004, the Court received a letter from petitioner titled "Response to Tax Courts Dismissal of August 23, 2004" which has been filed as petitioner's Motion for Reconsideration.

BRUCE P. PLASSE
Docket No. 9699-04L

-2-

This case is based upon the issuance of a Notice of
Determination Concerning Collection Action Under Section(s)
6320 and/or 6330 dated May 1, 2004, for petitioner's Federal
income tax liability for the taxable year 1999 and not upon the
issuance of a notice of deficiency.  In his motion for
reconsideration petitioner contends that he did not file a
motion to dismiss but only asked that the Court prove it had
jurisdiction.  The documents received by the Court on July 12,
2004 and July 26, 2004, question the Court's jurisdiction, and,
if the Court had found that it did not have jurisdiction this
case would have to have been dismissed for lack of
jurisdiction.  Consequently, the documents received by the
Court on July 12, 2004 and July 26, 2004, were properly filed
as petitioner's Motion to Dismiss for Lack of Jurisdiction and
as petitioner's Supplement to Motion to Dismiss for Lack of
Jurisdiction, respectively.  See Green v. Commissioner, T.C.
Memo. 2003-7.  For the reasons set forth in the Court's Order
and Order of Dismissal for Lack of Jurisdiction the Court found
that it had jurisdiction in this case and, therefore, denied
petitioner's motion to dismiss for lack of jurisdiction, as
supplemented.  However, this Court has held that a case based
upon a notice of determination concerning collection action
over which this Court has jurisdiction may be dismissed upon
request of the petitioner.  See, Wagner v. Commissioner, 118
T.C. 330 (2002).  Accordingly, the Court granted petitioner's
Motion to Withdraw in that the case was dismissed.  As a result
of this case being dismissed petitioner will not be able to
file another petition in this Court seeking review of the
May 11, 2004, notice of determination and respondent will be
able to proceed with collection as determined in that notice.

The foregoing considered, it is

ORDERED that petitioner's Motion for Reconsideration, is
denied.

(Signed) Joel Gerber

Joel Gerber
Chief Judge

Dated:  Washington, D. C.
        September 30, 2004