Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

Bruce P. Plasse

Docket No.: 9699-04 L



11/08/2004

To: Judge Joel Gerber:

Your "order" of September 30, 2004 is such an ambiguous mass of judicial activism it appears that no reasonable rebuttal could be made unless your correspondence is responded to on a point-by-point basis. Sadly much of what has already been responded to by this petitioner in the past must be reiterated as it has either fallen on deaf ears or judicial Tierney would be suspect.

Before rehashing past documentation the primary point of petitioner's actions must be considered, understood, and dealt with.

You commence your discourse thusly:

> "On June 10, 2004, a petition for lien or levy action under code sect 6320(c) or 6330(d) was filed to commence this action."

On page 2 of your "order" you say:

> "This case is based upon the issuance of a notice of determination concerning collection action under section(s) 6320 and/or 6330 dated May 1, 2004 for petitioners federal income tax liability for the year 1999 and not upon the issuance of a notice of deficiency."

The two sections just quoted are the crux of the issue at hand and it is upon this premises that petitioner makes his position by argument with the LAW itself. The issue in this case is first to determine whether petitioner is "liable" in the first instance for the specific tax and once that issue is determine, whether or not I am the "taxpayer" defined at law. For example sect 6321 of the code, one of the statutes upon which you say this action was invoked, says:

Page 1 of 15

CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

"If any person liable to pay any tax neglects or refuses to pay...."

So you see clearly that a person must be "liable" before he or she can be the subject of the lien or levy. This is a question of law for which sect 6321 affords no answer, but nevertheless it must be determined before "collection" begins. And section 6320(a)(1), says:

> (1) In general. The secretary shall notify in writing the <u>person described</u> in sect 6321 of the filing of a notice of lien described in sect 6321. Treasury Decision 8979 explains the circumstances regarding a line filed under 6321 this way:

"Sect 6320(a)(1) provides that a CDP Hearing notice provided under 6320 will be sent to the person described in sect 6321. The person described in sect 6321 is the person <u>liable</u> to pay the tax i.e., <u>the taxpayer</u>". And, the taxpayer under sect 7701(a)14 is: "The term taxpayer means any person subject to any internal revenue tax".

Wow! Talk about the proverbial dog chasing his tail!

But all is not lost in this diatribe because the law reveals its secrets (notwithstanding the fact that "secrets" fly in the face of the Vagueness Doctrine) when we look <u>where you yourself Judge Gerber</u>, have directed us, as you said:

> "On June 10, 2004, a petition for lien or <u>levy</u> action .....was filed to commence this action".

Now keep in mind that "certified" documentation already before your court clarifies petitioner's position as petition was filed first to avoid <u>sanctions</u> threatened by the IRS, see Pierson v. Commissioner 115 T.C. no. 39 (2000), and secondly with <u>reservations</u> regarding <u>specific</u> Jurisdictional matters. As you can see all of the statutory references to lien authority leave one wanting for proof of liability. But levy authority under section <u>6331(a) is the place to go</u> for a clear exposition of who is subject to levy. Let me cite the pertinent section for you:

Page 2 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

> "6331(a)....levy may be made upon the accrued salary or wages of any officer, employee, or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employee (as defined in 3401(d) of such officer, employer, or elected official)."

I do not mean to be condescending when I say that you should see three things spelled out clearly here:

1. I am not specifically (by class or group) named within the statute (one must be bound by law to be liable).

2. The levy is made upon the employer defined under 3401(d) (the Employment Laws).

3. And that the **employer** cited under 6331(a) is the employer defined under chapter 24, Subtitle C, with the "employee" defined therein under 3401(c) (the Employment Laws) on the "wages" paid under 3401(a) of Subtitle C (the Employment Laws). As I have said all along, this is a case involving the "Employment Laws" of Subtitle C, and you know that I am right, and you know that you do not have jurisdiction. So any "liability" arising from the statutes relative to a levy under 6331 must be determined by understanding and interpreting the laws under Subtitle C. The Employment Laws, which brings us full circle to my original question, asked of this court numerous times:

"Does the tax court have Jurisdiction based on the authority promulgated under 601.102(b)(2)(i)",

for which you and your court have not supplied an answer. What have you to hide? And so you can see that when you say "this case is based upon ....collection action under sections 6320 and/or 6330....for petitioners <u>federal income tax</u> liability for the year 1999 and not upon the issuance of a notice of deficiency", that:

Page 3 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

### Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

1. Any determination regarding petitioner's <u>tax liability</u> must be based upon my source of remuneration and since "wages" is defined at law in the internal revenue code <u>only</u> under Subtitle C then the court must have the jurisdiction to decipher the laws therein which authority of course the secretary has denied you per 601.102(b)(2)(i) and my earnings are only relevant to consideration according to the Congressional Acts codified under the Employment Laws of Subtitle C. And,

2. You stated that:

   "This case is based upon the issuance of a notice of determination ....and not upon the issuance of a notice of deficiency".

Remember the old adage, "*Think before you speak*".

The hearing officer in the determination said:

   "....The filing of the notice of Federal Tax Lien was appropriate at the time it was filed and will remain in full force and effect until it is satisfied or becomes <u>unenforceable by law</u>."

But the determination was handed down without any regard for the written law and therefore is unenforceable from the get go. One cannot be subject to assessment unless their tax liability is deficient to begin with.

- First one must be liable.
- Then one must be deficient.
- Then a notice of deficiency must be issued.
- Then an assessment must be made.
- Then demand.
- Then collection.

1. The IRS has not provided one statute making me liable for an "income tax".

Page 4 of 15

CERTIFIED MAIL: 7003 3110 0000 5363 3043

## Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

2. The only record of earnings which the IRS maintains on me is documented on a W-2 form, a Subtitle C document.

3. The law upon which the IRS depends (Title 26 U.S.C.) to make its judgment against me requires that "all applicable laws or administrative procedure have been met", yet to do so would require that a "statutory notice of deficiency" be issued. They have failed to provide such notice as obviously no such authority exists to do so specific to Subtitle C. And administrative and statutory provisions must be followed with regard to assessment authority as well as per Section 301.6203-1. The IRS has not observed these mandates.

Therefore you sir, and your court, are merely parroting the U.S. Attorney's when you say:

> "(6) Respondent was not required to issue a notice of deficiency in connection with either the assessment of the 1999 income tax liability or the penalty."

But such opinions cannot cause statutory provisions/authorities to vaporize into thin air. This is why in my correspondence of 7/17/2004, certified mail # 7002 2030 0004 6545 8196, I said:

> "The production of such notice of deficiency(ies), and or lack thereof, are both relevant to the question of jurisdiction."

If a statutory notice of deficiency exist under sections 6211 and 6212 of the code then I would be subject to the laws under one or more of the Subtitles defined within the statute and the authority of the statute governs Subtitles A, B, and D of the code. Therein your court would have "income tax" jurisdiction. But if the IRS was so bold as to issue a deficiency relative to my record of earnings, earmarked on a W-2 form, then the question of statutory law and administrative procedure becomes a quagmire as:

CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

1. The statutes provide no deficiency authority for Subtitle C. And,

2. If such a deficiency were created, <u>bootleg as it might be, to put it lightly</u>, your court could not answer the questions of law that would arise as a result of such a fraudulent act.

And we are back to square one again. I did not ask if your court has jurisdiction as to "income tax". I clearly asked whether or not your jurisdiction extends to the "Employment Laws". **You have not answered!**

You go on to say:

> "Consequently the documents received by the court on July 12, 2004 and July 26, 2004, were properly filed as petitioner's motion to dismiss for lack of jurisdiction and as petitioner's supplement to motion to dismiss for lack of jurisdiction, respectively".

Wow! What a masterful leap of conjecture. You have concluded all of this while refusing to respond to my most specific and cogent questions. This would cause me to doubt that you would answer one <u>simple</u> question. Where in all of my correspondence did I <u>even</u> <u>once</u> use the word **DISMISS** to facilitate a consideration that was my desire? To the contrary I would have gladly come before your court if in fact you were courageous enough to state that you could in fact maintain jurisdiction under Subtitle C, which of course we know you cannot.

Another interesting statement that requires attention is that you said:

> "In his motion for reconsideration petitioner contends that he did not file a motion to dismiss but only asked that the court prove it had jurisdiction."

Funny, but I do not remember filing a "<u>Motion For Reconsideration</u>", but understand from your current order that you have <u>magically</u> turned my letter of withdrawal into a "Motion For Reconsideration". And how does that old saying go, "liar, liar, pants on

Page 6 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

fire". Understand that I never once asked to dismiss and have not and would not ask for reconsideration by a court that lacks the authority to hear the case. I have maintained an open dialogue with you and your court sustaining my position while waiting for your honest response. I am still waiting! But why beat a dead horse. Many other statements in your correspondence prove that a necessity exists for you to dispose of this case as quickly as possible.

For instance you state:

1. "on July 12, 2004, this court received a document from petitioner titled 'letter to tax court providing no notice of deficiency and request for tax court to show jurisdiction in this case', which was filed by the court as petitioner's motion to dismiss for lack of jurisdiction." And,

2. "On July 26, 2004, the court received a document from petitioner titled 'response to United States Tax Courts motion to dismiss not requested by petitioner', which was filed as a supplement to motion to dismiss for lack of jurisdiction." And,

3. "On August 9, 2004, the court received from petitioner a document titled 'plaintiff formally withdraws petition to tax court do to lack of jurisdiction, plaintiff now moves to petition a court of proper jurisdiction, plaintiff does not move to dismiss actions against IRS', which was filed as petitioner's motion to withdraw petition." You then go on to say:

4. "By order and order of dismissal for lack of jurisdiction entered August 23, 2004, petitioner's motion to dismiss for lack of jurisdiction, as supplemented, was denied and petitioner's motion to withdraw was granted and that the case was dismissed." And,

5. "On September 13, 2004, the court received a letter from petitioner titled 'response to tax court's dismissal of August 23, 2004', which has been filed as petitioner's motion for reconsideration."

My answers to the preceding statements #1 through #4 have already been placed on record by certified mails to this court, so there is no need for me to reiterate. As for statement #5 the following is true. My correspondence of September 2004 by certified mail:

Page 7 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

### Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

"*Response to Tax Court's Dismissal of August 23, 2004*" was a letter of withdrawal and in no way reflected a request for reconsideration. Withdrawal was based upon your failure to respond to the question of jurisdiction relevant to the Employment Laws according to the procedural rules under 601.102 of the Code of Federal Regulations. Having failed to respond to that question of law does not empower you and your court to deny me judicial review as guaranteed under 301.6320(f)(1) Q-F3 A-F3 and Q-F5 A-F5. You have said, and this without any review of the material subject to judicial review per 301.6320(f)(1) Q5 A5 that:

6. "As a result of this case being dismissed petitioner will not be able to file another petition <u>in this court</u> seeking review of the May 11, 2004 notice of determination and respondent will be able to proceed with collection as determined in this notice."

You seem to have missed the pertinent facts. My withdrawal came before your court on September 2004. My withdrawal was self-initiating based on your silence with regard to jurisdiction. My withdrawal supercedes your authority to create or invent a dismissal in order to facilitate an authority to deny judicial review. Judicial review is a prerequisite to collection and your court has not reviewed my case or case record and therefore it is a legal impossibility for you to determine that "respondent will be able to proceed with collection."

Finally in regard to the tax court cases that you have cited, with regard to, Richard T. Wagner and Margie Wagner v. Commissioner of Internal Revenue, the following is true:

1. The petition filed by Wagner under 6320(c) IRC to review a notice of Federal Tax Lien was not contested as to the petitioner's "liability" for the tax. Petitioner sought relief in District Court <u>only as to the amount</u> of his/her "**liability**" based on a "carry back" to net operating losses for the year 1991.

Page 8 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

**Answer:**

- This case has no relevance, no relationship, to this petitioner's (Bruce P. Plasse, Pro Se plaintiff) position as petitioner questions not any amount of taxes due, but the **defined "liability"** as to a specific tax.

With regard to Ming v. Commissioner:

2. The tax court granted dismissal citing an exception to their jurisprudence according to <u>Estate of Ming v. Commissioner</u>, 62 T.C. 519 (1974), and said:

"We distinguish this dismissal from our jurisprudence that taxpayers may not withdraw a petition under section 6213 re-determining a deficiency"

**Answer:**

- Section 6213 provides a <u>time limit</u> as to filing a petition with the tax court. <u>Petitioner filed timely</u> to stay within the constraints of the law, but with <u>reservations</u> as to <u>jurisdiction</u> relative to his source of income (Employment Laws Subtitle C).

- Petitioner filed <u>only</u> as a result of threat of sanction by the IRS. For failure to do so, see Pierson v. Commissioner 115 T.C. no. 39 (2000).

- Petitioner did not withdraw petition under section 6213 to re-determine a deficiency. **No notice of deficiency was ever issued!**

- Petitioner withdrew his petition due to lack of jurisdiction on the part of the tax court under 601.102(2)(2)(i) to which the tax court **DID NOT** and **WILL NOT** answer.

Also under Ming regarding that petitioner's motion to withdraw their petition your court said:

Page 9 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

### Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

"Whenever this court dismisses a case on a ground other than <u>lack of jurisdiction</u>, we are generally required by section 7459(d) to enter a decision finding that a deficiency in tax is the amount determined in the notice of deficiency."

**Answer:**

- This petitioner's notice of withdrawal stands on the fact that the tax court does not have jurisdiction per 601.102. Therefore petitioner's withdrawal is lawful.

- Section 7459 is not applicable to petitioner in this case as no "notice of deficiency" was filed. And to file such notice relative to petitioner's source of earnings would be a **statutory impossibility**. Therefore: According to section 7459(d)

- "The tax court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary" is without merit and lawfully unenforceable as the decision must be based upon an existing "<u>notice of deficiency</u>" which does not exist as a matter of <u>fact and law</u>.

In Estate of Ming v. Commissioner at 521 – 522 you cited Dorl v. Commissioner, 57 T.C. 720 (1972), where you said:

"We observed in Dorl that filing of a petition in this court gives us exclusive jurisdiction under section 6512(a), which acts to bar a refund suit in the District Court for the same tax and the same year."

- 6512(a) provides that:

"If the Secretary has mailed to the taxpayer a notice of deficiency under 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes)...."

**Answer:**

- Petitioner has not been mailed a notice of deficiency under 6212(a), let alone any notice of deficiency.

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

- No lawful authority exists to create such deficiency under Subtitle C, see IRC section 6212(a).

- Petitioner is not seeking jurisdiction is District Court for "REFUND" of any particular tax or tax year.

- Petitioner seeks District Court review by virtue of its authority, jurisdiction, to litigate the matters relative to this petitioner's earnings **relative to Employment Agreements established under Subtitle** C of the Employment Laws.

- Petitioner has not been proved to be a "taxpayer", see section 7701(a)14. Specific questions of law regarding petitioner's "liability" for a so-called "income tax" have not been responded to. The questions requisite are outside the jurisdiction of the tax court.

As to section 7459, 7459(b) says in part:

"The tax court shall report in writing all its findings of facts, opinions, and memorandum of opinions."

**Answer:**

- Blacks Law Dictionary (6th Edition) tells us finding of fact is;

"Determination from the evidence of a case either by court or an administrative agency, concerning facts averred by one party and denied by another."

**Answer:**

1. Tax court has no jurisdiction to hear or review evidence relative to the Employment Laws.

2. Petitioner's earnings are subject to review of the statutes under Subtitle C and only there under.

Page 11 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043

### Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

3. The administrative agency has made a determination. The determination is subject to full judicial review under 301.6320 and 301.6330. The evidence for such review has not been given <u>full review</u> and such evidence is not within the purview of the tax court.

4. The tax court has not made a decision based on review of evidence pertinent to this case, but has <u>*dismissed the case of its on volition*</u> with total disregard to petitioner's authority to withdraw because of the tax court's <u>lack of jurisdiction</u>.

5. According to Blacks Law Dictionary (6th Edition): "*A general finding by a court is a general statement that the facts are in favor of a party or entitle him to judgment.* <u>*It is a complete determination of the ultimate facts on which the law must be determined*</u>."

6. The tax court's elicit dismissal, that petitioner did not request, without regard to the question of jurisdiction relative to 601.102(b)(2)(i) was simply a tool to invoke section 7459(c). However, no explanation as to the court's review of <u>pertinent evidence</u> supports its mandate under section 7459. Neither the court nor the administrative body brings anything forward as a <u>matter of law</u> to support their decisions, accept <u>tax court Dictum</u>, having in no way, any connection to the questions of law pursued by this petitioner. The cases cited are legally irrelevant.

In citing section 6320 (Restructuring and Reform Act of 1998) you state on behalf of Wagner (notwithstanding the fact that 7459 was not amended by such act) that:

> "Nor do we find any provision in the code that would require us, upon a dismissal of a collection action filed under section 6320(c), to enter a decision for the commissioner consistent with the underlying notice of determination."

CERTIFIED MAIL: 7003 3110 0000 5363 3043

### Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

**Answer:** This statement requires consideration from this petitioner's perspective because:

1. Plaintiff did not ask to dismiss as the record clearly shows, but asked for a specific answer to the question of jurisdiction under 601.102. To which the court did not respond, yet you and your court have found for the Commissioner without regard to the stipulation noted above according to the merits of section 7459(c). This Judge Gerber only after <u>you dismissed my case</u>.

2. Furthermore, if dismissal by request of the plaintiff was a reality it could only be so based upon the merits of plaintiff's arguments.

    a. That no jurisdiction exists pertinent to his record of earnings before the tax court.

    b. No notice of deficiency exists or could exist according to statute!

    c. The issues before the courts for judicial review are;

        i. The appropriateness of the filing of the Federal Tax Lien under 6321(a).

        ii. Who is the "tax payer" named as liable therein.

        iii. The source of income taxable as earmarked on petitioner's W-2 form.

        iv. The laws and definitions specific to the authority to tax such income under <u>Subtitle C</u>.

        v. The application of withholding taxes under Chapter 24 to an "income tax" under <u>Subtitle A</u>.

CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

    vi. The lack of any mention of a "wage" tax under Chapter 24 as being an "income tax" under Subtitle A, except of course in the heading of the text, to which <u>section 7806 of the IRC would apply and take care of that issue</u>.

    vii. Etc., etc., etc.

So, its clear to see that the tax court took great care to see that neither the <u>rights of the Commissioner nor those of Wagner's</u> were prejudiced by its decision to allow their motion to dismiss and re-file in District Court. This based solely upon the fact that a dismissal action under Rule 41(a)(2) allows that:

> "(2) By order of court, except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper"

Given the fact that plaintiff did not ask to dismiss but simply waited on an answer from the court as to its jurisdictional authority under 601.102 and the production of a **statutory notice of deficiency**, it is clear to see why the court <u>created</u> a dismissal and erroneously acted under the authority of section 7459.

Judge Gerber, your actions based on a <u>total denial</u> of written law, inapplicable case cities, administrative procedure, and decisions made without regard to a complete record of evidence, or one sided presentations of evidence (incomplete as such determination may by) shows a complete disregard for a general finding required under the authorities regarding findings of facts. Your disregard for my Due Process and Equal Protection Rights has prejudiced me with regard to this case and with regard to my rights under the U. S. Constitution according to the statutes and regulations written there under. I will continue to seek and bring to light the truth regarding this issue for

CERTIFIED MAIL: 7003 3110 0000 5363 3043

Response To Judge Joel Gerber's Erroneous Decision, and Fraudulent Creation of Dismissal That Petitioner Never Requested because Gerber Would Not Prove That The Tax Court Has Jurisdiction In Petitioner's Case

myself and my fellow Americans. And I am sure that working in the capacity of a judge you consider yourself to be a man of the law, but with your form of judicial review there is no need for me to be a party to, and fulfill my obligation of submitting documents against the respondent (IRS and government). Because you, judge Gerber, immaterial of what document that I enter into the record dream up and create and twist those documents to produce outcomes of your convenience which by the way has always been on the side of the respondent (IRS and government), no matter what. Your opinions and actions merely show your bias, which side you stand to promote, which is the respondents (IRS's and governments) position of Dictum, over that of plaintiff's based in law. You do not answer to the law! You do not rule coincident with the law! You have been bought and paid for by the IRS and government, and can do America a great good by stepping down and removing yourself from such an important position.

Until A Future Date, Yours

Bruce P. Plasse
Pro Se Plaintiff

Page 15 of 15
CERTIFIED MAIL: 7003 3110 0000 5363 3043