UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE P. PLASSE ) | |
| ) | |
| Appellant, ) | |
| ) | Civil Action No. 04-11274-GAO |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

UNITED STATES OF AMERICA'S REPLY TO
APPELLANT'S MEMORANDUM OF LAW

The United States of America hereby submits this reply to the appellant's "ADENDUM (SIC) TO PLAINTIFF'S INITIAL PLEADING, PETITION FOR REVIEW OF SECTION 6702, FRIVOLOUS RETURN PENALTY,/MEMORANDUM OF LAW," filed with this Court on February 16, 2005 ("the Addendum").

In the Addendum, the appellant demands that this action, an appeal of an administrative determination allowed under 26 U.S.C. §§ 6320 and 6330, be dismissed without prejudice because, according to the appellant, this Court has a conflict of interest as a federal employee. The appellant further asserts his right to a trial by jury on this matter.

While the United States agrees that this appeal should be dismissed, as it argued in the MOTION TO AFFIRM DETERMINATION OF THE INTERNAL REVENUE SERVICE AND DISMISS THE PETITION FOR REVIEW OF THE 6702 FRIVOLOUS RETURN PENALTY and the supporting memorandum, which is scheduled for hearing before the Court on February 24, the United States

does not agree on the reason the petition should be dismissed.[1/]  Additionally, the appellant is not entitled to a jury trial and, if this action is dismissed, as it should be, the appellant will be precluded by statute from bringing this action again.

The appellant is not entitled to a jury trial on this matter because there is no right to a jury trial in a suit against the United States unless provided for by statute.  <u>Parker v. Commissioner</u>, 724 F.2d 469, 472 (5th Cir. 1984) (citing <u>Mathes v. CIR</u>, 576 F.2d 70, 71 (5th Cir.1978));  <u>Blackburn v. Commissioner</u>, 681 F.2d 461, 462 (6th Cir. 1982).  There is no such provision for a jury trial in 26 U.S.C. § 6330, which authorized this appeal.  Of course, Section 6330 authorizes an administrative appeal of an Internal Revenue Service administrative determination made under 26 U.S.C. § 6320, not a trial.  26 U.S.C. § 6330; <u>Hart v. United States</u>, 291 F. Supp. 2d 635, 640 (N.D. Ohio, 2003)("Courts . . . have determined that actions brought pursuant to [26 U.S.C.] § 6330(d) are actions for administrative review and, thus, the reviewing district court is limited to the administrative record and the parties are not entitled to discovery or jury trial.")

The appellant may not appeal this matter again.  Congress, in 26 U.S.C. § 6330(d), provides taxpayers the right to appeal a determination made by a hearing officer at a Collection Due Process hearing held under 26 U.S.C. § 6320, so long as the appeal is made within thirty

---

[1/] The notion that a United States District Judge, whose salary is paid by the United States, cannot preside over a matter in the district court to which the United States is a party has been characterized by one judge faced with such a claim as "farsical, on its face." <u>United States v. Zuger</u>, 602 F. Supp. 889, 891 (D. Conn. 1984).

days of the determination.  Here, the determination was made on May 11, 2004.

(R. 110-115.)  This appeal was timely made, but, if it is dismissed, the appellant will be time-barred from another appeal.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                          /s/ Barry E. Reiferson
                                          BARRY E. REIFERSON
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 55
                                          Ben Franklin Station
                                          Washington, D.C.  20044
                                          Telephone: (202) 514-6058

I hereby certify that a true copy of the above document was served upon the Appellant, by mail, on February 18, 2005.

/s/ Barry E. Reiferson
Barry E. Reiferson